GEORGE WENTWORTH and another *vs.* CHAUNCEY W. GRIGGS and others.

March 18, 1878.

**Costs—Allowed on a Motion—Entered in Judgment.—**Costs allowed a party on a motion may be inserted in the costs allowed him, when he is entitled to costs, and entered in the judgment.

**Same—Copies of Papers Material to Defence—Depositions.—**Upon a dismissal of an action the defendant is entitled to have allowed as a disbursment the expense of copies of papers material to his defence, and actually and necessarily procured by him for that purpose. The party entitled to costs should be allowed what the services of a notary in taking depositions in another state are worth, not exceeding what the party has actually paid or incurred. But he should not be allowed for taking two depositions of the same witness in another state, unless the necessity of taking both appears.

Appeal by plaintiffs from a judgment of the district court for Ramsey county, *Simons,* J., presiding, adjudging that the above entitled action be dismissed, and that the defendants recover of the plaintiffs certain costs and disbursements.

*Lamprey & James,* for appellants.

*John B. & W. H. Sanborn,* for respondents.

GILFILLAN, C. J. The defendants' costs and disbursements upon a dismissal of the action, having been adjusted by the court below, upon an appeal from the taxation by the clerk, and judgment having been entered for the amount of the items allowed, the plaintiffs appeal to this court.

The various items objected to by appellants are—*First*, an item of ten dollars which had been allowed to defendants upon denial of a motion made by plaintiffs. We can see no objection to this being inserted in the judgment in favor of defendants. *Second*, three copies, chattel mortgages, $3.00. If these were material to the defence, and were, as is stated in the affidavit, procured by defendants for that purpose, it was proper to allow the expense of procuring them. Whether they were material the court below could determine, while we cannot, for it had the answer before it and we have not. Its decision on the items is affirmed. And so in regard to the item for five affidavits. It could determine from its files the number used; we have no means of determining. *Third*, for attendance and mileage of several witnesses. The fact of the materiality of the witnesses, their attendance for a specified number of days, and the miles traveled, are stated in the affidavit to the disbursements, and there is nothing in the character of the charge nor circumstances of the case to throw suspicion upon the charge, nor to make a more specific affidavit necessary. *Fourth*, the court below allowed $7.25 in one instance, and five dollars "in each of two other instances, for compensation paid by defendants to notaries public in other states for taking the depositions of defendants' witnesses." It is objected that this is more than is allowed by the statutes of this state, or of the states where the depositions were taken, to notaries public for such services. The statute of this state does not fix the compensation of officers acting in another state, and in executing a commission from this state such an officer is not acting under the laws of his own state; so that neither statute fixes the compensation in such a case, and the only rule to act upon is that adopted by

the court below, to-wit: to allow what the services were worth, not exceeding the amount paid by the party. But two of these items of five dollars each were allowed for taking two depositions of the same witness, and there is no necessity suggested in the affidavit to the disbursements, nor apparent from the record nor the nature of the case, for taking two depositions of the same witness. Without a necessity for it appearing both items should not be allowed.

The judgment must be modified by striking out one of these items for five dollars, and affirmed as to the remainder, without costs to either party.