# LOUIS SKOG v. M. POMUSH, *d. b. a.* MOOSE LAKE SHOE & CLOTHING COMPANY.[1]

November 16, 1945.

No. 34,056.

See, 219 Minn. 322, 17 N. W. (2d) 641.
*Leslie S. High,* for appellant.
*L. H. Blacklock,* for respondent.

PETERSON, JUSTICE.

Plaintiff appeals from the judgment rendered subsequent to our decision on a prior appeal (Skog v. Pomush, 219 Minn. 322, 17 N. W. [2d] 641) affirming the order denying his motion for a new trial on the ground of newly discovered evidence. The opinion fully states the facts, except those relating to a motion to amend

[1]Reported in 20 N. W. (2d) 530.

certain statements of fact in the order denying the motion for a new trial, which are challenged here for the first time on this appeal. On denial of the motion to amend, which was subsequent to the appeal from the order denying a new trial and prior to the entry of judgment, defendant was allowed $10 costs, which were included in the judgment.

On this appeal, plaintiff contends that the trial court erred in denying the motion for a new trial, in denying the motion to amend, and in awarding costs to defendant on denial of the motion.

■ The assignment of error that it was error to deny the motion for a new trial raises the identical questions presented on the former appeal from the order denying the motion for a new trial. The settled rule, except perhaps in some very exceptional cases, of which it is not even claimed that this case is one, is as we said in School District No. 1 v. Aiton, 175 Minn. 346, 348, 221 N. W. 424, 425, that, "where an order denying a new trial has been affirmed on appeal, all questions that might have been raised therein are set at rest and cannot be raised on a subsequent appeal from the judgment." 1 Dunnell, Dig. & Supp. § 398. Hence, the decision on the former appeal is decisive here that it was not error to deny the motion for a new trial.

■ The alleged misstatements of fact in the order denying the motion for a new trial, which plaintiff sought to correct by the motion to amend, relate to matters such as whether plaintiff moved for a new trial both on the minutes and on affidavits; whether plaintiff as well as his attorney appeared at the hearing of the motion; whether defendant appeared specially in the first instance challenging the jurisdiction of the court to hear the motion as not having been made in time and then abandoned the special appearance by a general one; and whether the affidavits upon which the motion was heard were all filed at the same time or at different ones.

The motion for a new trial speaks for itself and plainly shows that it was made "upon all the files and proceedings * * *, including all exhibits * * * and upon affidavits hereto attached * * *."

It refers in no way to the court's minutes. The statement in the order denying that the motion was made also on the minutes was erroneous. It is not denied that plaintiff did not appear personally at the hearing on the motion for a new trial. The statement that he did is also erroneous. Defendant filed a special appearance, which was perhaps defective. Later he appeared generally. The statements in the order relating to those matters are substantially true. We cannot ascertain from this record whether all the affidavits used on the hearing were filed at one and the same time, but apparently they were.

While it is of the utmost importance as a matter of judicial administration that every judicial record conform strictly to the facts and while it is the duty of a court upon proper suggestion to correct its records so that they shall import absolute verity, errors of the kind here involved are not of the sort that constitute grounds for reversing the judgment, because they do not affect the result and consequently are not prejudicial. The motion for a new trial was made on the ground of newly discovered evidence. The misstatements of fact in the order denying the motion related to matters that had no bearing on the merits of the motion. It could make no possible difference that the court thought the motion was made on its minutes as well as on affidavits, because in the view most favorable to plaintiff the minutes showed only the materiality of what was claimed to be newly discovered evidence; nor could it make any difference whether or not plaintiff appeared personally at the hearing on the motion; nor could the fact that defendant first appeared specially and then generally affect the result, because the court could not hear the motion at all unless it had jurisdiction; and, lastly, the point that the affidavits were all filed at one time instead of at different times can be of no practical importance.

Minn. St. 1941, § 544.33 (Mason St. 1927, § 9285), provides:

"In every stage of an action, the court shall disregard all errors or defects in the pleadings and proceedings which do not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason thereof."

14

The statute recognizes the fact that errors and defects occur in judicial proceedings which do not affect the substantial rights of the parties and directs that such errors and defects shall be disregarded on appeal, to the end that justice shall be accomplished and not prevented, or, as it sometimes is said, so that rights shall not be sacrificed upon the altar of mere formalism. Roehrs v. Thompson, 185 Minn. 154, 240 N. W. 111. Since the errors complained of are of the sort which the statute directs that we should disregard, it is our plain duty to affirm the judgment. See, 1 Dunnell, Dig. & Supp. § 424.

■ The power of the court to award costs on denial of a motion is governed by § 549.11 (§ 9479), which provides:

"Costs may be allowed on motion, * * * in the discretion of the court or judge, not exceeding $10.00, and may be absolute, or directed to abide the event of the action."

The allowance of costs to the prevailing party on denial of a motion rests in the sound discretion of the trial court. Olmstead v. Firth, 64 Minn. 243, 66 N. W. 988; Siebert v. Mainzer, 26 Minn. 104, 1 N. W. 824; Wentworth v. Griggs, 24 Minn. 450. Here, there was no abuse of discretion in allowing costs on denial of the motion.

The questions raised here are plainly without merit. While the statute grants a right of appeal from the judgment after affirmance by this court of an order denying a motion for a new trial, the purpose of such right of appeal is to correct errors, if any, which were not and could not have been reviewed on the prior appeal and which affect the substantial rights of the parties. The right is abused where, as here, the appeal brings up for review only questions which we have already determined or those which do not affect any substantial rights of the appellant.

Affirmed.