WILLIAM M. CRAWFORD v.
WOODRICH CONSTRUCTION COMPANY, INC., AND OTHERS.[1]

February 21, 1952.

No. 35,763.

*Freeman, King, Larson & Peterson, William H. Freeman,* and *Sherman Child,* for relator.

*Warner & Ratelle,* for respondent.

PER CURIAM.

An alternative writ of mandamus was allowed by this court on January 18, 1952, directing the Honorable Harold E. Flynn, judge of the eighth judicial district, to show cause why he should not reinstate an order of December 17, 1951, which granted a stay of all proceedings in this action to include 30 days after receipt of the transcript of the evidence by the attorney for defendant Woodrich Construction Company, Inc., relator herein, and vacate an order of January 12, 1952, which vacated the order of December 17 and directed the entry of judgment.

A verdict in the sum of $80,000 was returned on November 15, 1951, and a stay of proceedings for 40 days was ordered pursuant to a stipulation of the parties. An oral order for a transcript of the evidence was made by defendant's counsel on November 17, 1951. This order was confirmed by a letter to the reporter on November 20, 1951. On November 30, 1951, counsel for defendant wrote counsel for plaintiff:

[1] Reported in 51 N. W. (2d) 822.

"The court reporter also advises me he cannot have this out until sometime next summer. * * *

"This means that I will have to apply for an extension of the stay, consistent with what the court reporter can do for us." *

On December 17, 1951, the court signed an order providing for a stay of proceedings to include 30 days after the transcript was received by the attorney for defendant. In its order the court gave its reason for extending its stay in the following language:

"Upon the above showing and *the court being satisfied that the court reporter cannot prepare the transcript of the evidence in the above entitled action until some time in June or July;*

"IT IS HEREBY ORDERED," etc. (Italics supplied.)

On December 21, plaintiff served notice of motion to vacate the order of December 17, which granted an extension of the stay of proceedings. The motion was heard on December 29, 1951. On January 12, 1952, an order was entered vacating the order of December 17, 1951, and directing the clerk to enter judgment pursuant to Rule 58.01, Rules of Civil Procedure, effective January 1, 1952.

Judgment was entered on January 18, 1952. On the following day a writ of execution was delivered to the sheriff of Hennepin county against defendant, and, in compliance with the writ, the sheriff did immediately thereafter, accompanied by counsel for plaintiff, make a demand upon defendant at its office for the full amount of the judgment. The alternative writ of mandamus stopped further proceedings to collect the judgment. Respondent Flynn and plaintiff say that defendant in ordering a transcript and asking for a stay did so only for purposes of delay. Since the verdict draws interest at the rate of six percent, dilatory tactics on the part of defendant would certainly work to its disadvantage if eventually plaintiff should prevail, and there is nothing in this record indicating any unseemly delays on the part of defendant. In view of the fact that plaintiff's counsel knew that a transcript had been ordered and that defendant intended to make a motion for a new trial—which, of course, any losing litigant has a right to do—this unseemly haste to collect the judgment has little justification.

In his return to the alternative writ of mandamus, respondent Flynn states that at the hearing on plaintiff's motion to vacate the order of December 17, 1951, no reason had been given the court by counsel for defendant, either at that time or thereafter, for the application for an extension of the original stay of proceedings. And this in spite of the recital in the court's order of December 17, 1951, that the stay was granted because the

court reporter could not prepare the transcript until sometime in June or July. Also, in a memorandum attached to the order of January 12, 1952, respondent Flynn stated that *no reason was given* by counsel for defendant for the application for an extension of the stay *beyond that of waiting for a transcript in the case.* He then added: "No reason has been given this Court by counsel for the Defendant, * * * for the need of a transcript in this case."

Respondent Flynn in his return refers to that part of his memorandum attached to the order of January 12, 1952, wherein the court stated that the granting of plaintiff's motion would in no way prejudice the rights of defendant, since defendant could apply for stay of execution of the judgment under Rule 62.01, Rules of Civil Procedure.

Obviously, if defendant is not prejudiced by the order of January 12, 1952, then this alternative writ of mandamus should be discharged. In our opinion, defendant was seriously prejudiced. In the first place, if no stay had been entered at all after the verdict, it could, and probably would, have made a motion for a new trial on the minutes of the court. But, since a stay had been entered and defendant desired to make a motion for a new trial on the record, it had a right to assume that it would be permitted to make such a motion on the record, and it allowed the time for making a motion on the minutes to pass. A transcript of the evidence was ordered by defendant's counsel within two days after the verdict, and shortly thereafter it was discovered that the reporter could not deliver the transcript until the following summer—six months or more after the verdict. Defendant still wanted to make its motion on the record, and, to protect itself, secured an order extending the stay until 30 days after receipt of the transcript of the evidence. As stated, in its order of January 12, 1952, the court cut off the stay and directed the entry of judgment forthwith. Defendant then had six months from the date of the entry of the judgment within which to appeal. M. S. A. 605.08. The transcript of the evidence, as shown by the recital of the court in its order, as well as by other circumstances, could not be delivered until June or July. Thus, the time to appeal from the judgment could or would expire before a transcript of the evidence could be delivered to defendant, making it impossible for defendant to make a motion for a new trial on the record within the time limited for the taking of an appeal from the judgment. Therefore, since judgment has been entered, if the order of January 12, 1952, is permitted to stand, defendant will be absolutely foreclosed from making a motion for a new trial at all—an absolute right which it had. And, as any person who is informed in this matter knows, questions that can be raised for review on appeal from an order denying a motion for a new trial are quite

different from and broader than those that can be raised on appeal from an adverse judgment.

Defendant was clearly prejudiced by the action of the court on the facts as we have stated them here, and the alternative writ of mandamus should be made absolute insofar as it reinstates the order granting a stay.

We are not authorized in this proceeding to vacate the judgment entered under the direction of the court. However, in view of our holding in the matter, an application to the court for an order vacating the judgment should receive favorable consideration.

Let a peremptory writ issue.