# ARTHUR K. WURDEMANN AND ANOTHER v. CLIFFORD R. HJELM AND OTHERS.

110 N. W. (2d) 150.

July 14, 1961—Nos. 38,330, 38,331, 38,332.

*Samuel P. Halpern, Louis B. Schwartz,* and *Joseph L. Abrahamson,* for appellants.

*Cummins, Cummins, Hammond, Cummins & O'Brien, Clifford R. Hjelm,* and *David R. Hjelm,* for respondent.

PER CURIAM.

This matter is before us on a motion to dismiss plaintiffs' appeals. The appeals involve the same issues passed upon by this court in Wurdemann v. Hjelm, 257 Minn. 450, 102 N. W. (2d) 811. After that decision was filed, the plaintiffs petitioned for a rehearing, which was denied. Thereafter they petitioned the United States Supreme Court for a review by certiorari of our decision, which petition was denied. Id. 364 U. S. 894, 81 S. Ct. 222, 5 L. ed. (2d) 187. The former appeal was from orders denying the plaintiffs' motion for a new trial and their motion for permission to offer additional evidence or for a new trial on the ground of newly discovered evidence. The plaintiffs now seek to secure a review on appeal from the judgment entered June 13, 1960.

■ The defendant making the motion argues that these appeals should be dismissed on the ground that they present no new questions which have not already been determined. The plaintiffs do not contend that the appeal from the judgment presents new matter which has not already been considered by this court. In addition to requesting a rehearing on particular points already considered and decided, the plaintiffs contend that this court has failed to fully consider all of the questions raised on the first appeal. Their appeals from the judgment in effect ask for a rehearing of our original decision. It is unnecessary for us to reconsider the numerous points and arguments raised by the appellants attacking the findings and conclusions of the trial court which we found to be supported by the record. They complain that in our original decision the facts with relation to the description of a certain contract and insurance policy are incorrectly stated.[1] The determinative issues in these appeals related to the question of whether a certain lease and option agreement was in fact an agreement for the sale and

---

[1] The appellants correctly point out that in Wurdemann v. Hjelm, 257 Minn. 450, 454, 102 N. W. (2d) 811, 815, in discussing the agreement of June 29, 1957, we referred to the agreement as relating to the sale of an interest in the Piedmont Apartments, whereas in fact the agreement related to the sale of other property in which the Jesmer Corporation had an interest. The facts with relation to this transaction are correctly summarized in note 6 (257 Minn. 463, 102 N. W. [2d] 819) of the opinion.

purchase of real estate, and whether a judgment obtained in an unlawful detainer action in justice court was secured through fraud by certain acts of the defendants. We have carefully reviewed the record and briefs of the plaintiffs in light of their assertion that the facts were not fully considered. The asserted errors are negligible and not material to the decision. If those portions of the opinion were changed to conform to the plaintiffs' interpretation of the facts, it would in no way affect the result. The plaintiffs have not shown that a question decisive of the case and duly submitted has been overlooked by the court or that the decision we have reached is in conflict with controlling law. We have stated on numerous occasions that a party will be entitled to a rehearing only because of some manifest error or omission which is so material that, if it is corrected, it will result in a substantial alteration or change of the original opinion. Where, as here, it is apparent that no material fact or principle of law has been overlooked and where the errors relied upon for a review are not prejudicial or material or such asserted errors would not change the result or be of benefit to the moving party, a rehearing will not be granted.[2]

■ With reference to the subject of a second appeal covering the same issues, we said in Skog v. Pomush, 221 Minn. 11, 14, 20 N. W. (2d) 530, 531:

"The questions raised here are plainly without merit. While the statute grants a right of appeal from the judgment after affirmance by this court of an order denying a motion for a new trial, the purpose of such right of appeal is to correct errors, if any, which were not and could not have been reviewed on the prior appeal and which affect the substantial rights of the parties. The right is abused where, as here,

[2]State v. Longyear Holding Co. 227 Minn. 255, 35 N. W. (2d) 291, certiorari denied and appeal dismissed, 336 U. S. 948, 69 S. Ct. 884, 93 L. ed. 1104, rehearing denied, 337 U. S. 921, 69 S. Ct. 1154, 93 L. ed. 1730, rehearing denied, 338 U. S. 841, 70 S. Ct. 34, 94 L. ed. 514; Gelin v. Hollister, 222 Minn. 339, 24 N. W. (2d) 496, 168 A. L. R. 195; State v. Adams, 251 Minn. 521, 89 N. W. (2d) 661, certiorari denied, 358 U. S. 826, 79 S. Ct. 45, 3 L. ed. (2d) 67; Woodbury v. Dorman, 15 Minn. 274 (341); Standard Clothing Co. v. Wolf, 219 Minn. 128, 17 N. W. (2d) 329; Derby v. Gallup, 5 Minn. 85 (119).

the appeal brings up for review only questions which we have already determined or those which do not affect any substantial rights of the appellant."

See, also, In re Estate of Hartz, 238 Minn. 558, 58 N. W. (2d) 57.

Since there is no showing of a material mistake of fact or error of law in the decision and all matters decisive of the issues have been fully considered by the court, the appeal must be dismissed.

Appeal dismissed.

MR. JUSTICE OTIS took no part in the consideration or decision of this case.