## LORRAINE M. LANGE AND ANOTHER v. NELSON-RYAN FLIGHT SERVICE, INC.*

116 N. W. (2d) 266.

June 29, 1962—No. 38,487.

---

*Certiorari denied, 371 U. S. 953, 83 S. Ct. 508, 9 L. ed. (2d) 500.

*L. L. Schroeder*, for appellant.
*Rischmiller, Wasche & Hedelson*, for respondents.

ROGOSHESKE, JUSTICE.

This action is one for the recovery of damages for the death of plaintiff's decedent in a plane crash. Both plaintiff's decedent, Wesley M. Lange, and Ronald Percy, defendant's employee, were killed in the crash.

The same action was previously reviewed on appeal in Lange v. Nelson-Ryan Flight Service, Inc. 259 Minn. 460, 108 N. W. (2d) 428, where the facts are fully set out.

After a verdict for plaintiff, defendant moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. The trial court granted judgment notwithstanding the verdict and denied a

new trial. Plaintiff appealed. By a divided court we reversed, ordering judgment to be entered upon plaintiff's verdict.

Defendant now appeals from that part of the trial court's order denying a new trial.

The determinative issues presented on the prior appeal were: The rules of law applicable to proof of negligence following a plane crash; the sufficiency of the evidence to establish defendant's responsibility for the negligent operation of the plane; proximate cause; and contributory negligence of plaintiff's decedent. Incidental to the issue of proximate cause and defendant's responsibility was the problem of whether a Federal civil air regulation covering the responsibility of the pilot in command was properly construed and applied in determining the question of who was in control, or chargeable with the control, of the plane during the time of its disastrous maneuver.

A careful analysis of the record and a schematic comparison of the arguments advanced by the defendant in this and the prior appeal and in its alternative motion below demonstrates, with the exception noted hereafter, that the same grounds urged by defendant in support of the trial court's granting of judgment notwithstanding the verdict are again urged as a basis for reversal of its denying a new trial.

As in its motion for rehearing, defendant vigorously asserts that we have established an unsound rule of law. The main challenge is to the holding that (259 Minn. 466, 108 N. W. [2d] 432)—

"* * * the rule applicable to aircraft is that if the aircraft is operated in a negligent manner the pilot in command is negligent regardless of whether or not he is at the controls at the time—at least in the absence of extenuating circumstances * * *."

Defendant insists that the application of this rule to the operation of a dual-control aircraft, occupied by two licensed pilots, one having the status of a trainee on a checkout flight, under the facts stated in our former opinion, results in establishing a rule of law which imputes to a pilot in command any negligence of the other pilot and, in fact, makes the pilot in command an insurer against any negligent operation. It is further insisted that the gross injustice of this rule is made manifest in this case because there was no evidentiary basis to

support an inference as to which pilot was in fact in control of the plane at the time of its disastrous maneuver. Thus defendant again urges that we have approved a jury award which is based on mere speculation and conjecture.

We cannot accept defendant's interpretation of our prior decision as it—not unlike most criticism expressed by a losing litigant—obviously overstates the decision's import. Defendant has twice unsuccessfully advanced identical arguments. We consider it presently inappropriate either to indulge in a reexamination of the arguments and the issues previously reviewed or to restate the rule expressed in our prior decision.

■ Upon principles embodied in the law-of-the-case doctrine we believe this type of re-review should not be granted. We are not unmindful that the scope of review upon appeal from an order denying a new trial is very broad, each error properly assigned being reviewable,[1] and that in fact this court under unusual circumstances has granted a new trial on such an appeal upon the broad ground that the interests of justice require it.[2] It is equally well settled that, while the right of appeal from an order denying a new trial exists independent of the prior appeal from an order granting judgment notwithstanding the verdict, the purpose of a second appeal is to correct only such errors as were not, or could not have been, reviewed on the prior appeal.[3]

■ There exists a well-established rule that issues considered and adjudicated on a first appeal become the law of the case and will not be reexamined or readjudicated on a second appeal of the same case.[4] This doctrine should be regarded as one separate and distinct from the

[1]Crawford v. Woodrich Const. Co. Inc. 236 Minn. 547, 51 N. W. (2d) 822. See, 1 Dunnell, Dig. (3 ed.) § 395.

[2]Randall v. Goodrich-Gamble Co. 238 Minn. 10, 54 N. W. (2d) 769; Thayer v. Duffy, 240 Minn. 234, 63 N. W. (2d) 28.

[3]Skog v. Pomush, 221 Minn. 11, 20 N. W. (2d) 530; Wurdemann v. Hjelm, 260 Minn. 455, 110 N. W. (2d) 150; 1 Dunnell, Dig. (3 ed.) § 398.

[4]Kramer v. Northwestern Elev. Co. 97 Minn. 44, 106 N. W. 86; Standard Lithographing Co. v. Twin City Motor Speedway Co. 145 Minn. 5, 176 N. W. 347; see footnote 3, *supra.*

doctrines of res judicata and stare decisis, although similar fundamental principles underlie each.[5] Its main distinction from res judicata is that it applies only to litigated issues and does not reach issues which could have been but were not litigated. It is a rule of practice, not a limitation on the power of the court to re-review and overrule a prior decision. It should be, and is here, limited to the same case and to only the issues previously decided and its application is not intended to be carried into other cases as a precedent.[6]

Since our prior decision the membership of the court has changed. If we were to assume that the arguments of the defendant presently advanced on the issues previously determined might now be persuasive to a majority of the court, we nevertheless are not at liberty under this rule to engage in a reexamination, much less to so declare. This attitude is consistent with the rule of the law of the case and is founded upon a policy which requires that issues once fully litigated be set at rest. As expressed in General American Life Ins. Co. v. Anderson (6 Cir.) 156 F. (2d) 615, 618:

"* * * This rule of 'the law of the case,' is a salutary rule, necessary as a matter of policy in order to end litigation. It is based upon the ground that 'there would be no end to a suit if every obstinate litigant could, by repeated appeals compel a court to listen to criticisms on their opinions, or speculate of chances from changes in its members.' "

Whatever force our prior decision may have must be tested under the rule of stare decisis in subsequent cases involving similar occurrences. In the meantime we adhere to the doctrine of the law of the case and in doing so we do not intimate that we may not give proper recognition to the rule of stare decisis.

We therefore hold that we are foreclosed upon this appeal from any further review of the issues determined by our prior decision.

■ The only new ground asserted by defendant, and apparently not directly covered in our prior decision, is that the trial court refused to grant defendant's request to submit the issue of assumption of risk

---

[5]See, 5B C. J. S., Appeal and Error, § 1822.

[6]5B C. J. S., Appeal and Error, § 1821.

to the jury. As indicated in defendant's requested instruction, the only basis upon which this defense could have been submitted was that there was some evidence which would support a finding that decedent either knew or should have known that pilot Percy's check upon decedent's competence to fly the plane he desired to rent from defendant would involve a dangerous maneuver. Defendant concedes that there was no evidence to establish any other dangerous condition then known or to be apprehended by decedent in the normal procedures defendant employed for checking an experienced and licensed pilot.

It is elementary that the defense of assumption of risk is properly submitted only where there is evidence which would permit a finding that the one so charged had knowledge of the particular risk and, comprehending and appreciating such risk, voluntarily took his chances of harm from that particular risk. Technical progress in the art of flying has reached a point where an airplane cannot be regarded as a dangerous instrumentality per se. Merely undertaking a flight in a modern aircraft free from mechanical defects, where no dangerous conditions known or reasonably to be apprehended are shown, does not provide a sufficient evidentiary basis upon which to submit assumption of risk.

The simple and conclusive answer to defendant's contention is that there is no evidence whatever from which an inference could be drawn that decedent knew or was chargeable with knowledge that his checkout flight would involve a dangerous maneuver. To the contrary the evidence indicates that, because of his prior experience as a pilot, no maneuvers other than several flights around the perimeter of the field and some takeoffs and landings were contemplated. We are thus compelled to hold that the court's refusal to submit the issue and denial of defendant's requested instruction were proper.

Affirmed.

OTIS, JUSTICE (concurring).

I concur. Having reached a final decision in the previous appeal based on issues which were thoroughly litigated, I do not believe that determination should now be capriciously set aside merely because the court as presently constituted is inclined to differ with the result.

While I do not agree with the doctrine announced in Lange v. Nelson-Ryan Flight Service, Inc. 259 Minn. 460, 108 N. W. (2d) 428, and favor overruling it when the occasion arises, I am not persuaded that a wholly fortuitous change in court personnel should unsettle the adjudicated rights of litigants. For this reason only, I would affirm.

THOMAS GALLAGHER, JUSTICE (dissenting).

I adhere to my position expressed in Lange v. Nelson-Ryan Flight Service, Inc. 259 Minn. 460, 108 N. W. (2d) 428, that the evidence presented is too remote and speculative to support a verdict for plaintiff.

KNUTSON, CHIEF JUSTICE (dissenting).

I agree with the dissenting opinion of Mr. Justice Thomas Gallagher.