GENERAL MILLS, INC. v. COMMISSIONER OF TAXATION.

228 N. W. 2d 261.

April 4, 1975—No. 45192.

Warren Spannaus, Attorney General, and Arthur J. Glassman, Special Assistant Attorney General, for relator.

Johnson & Eastlund and Ralph W. Peterson, for respondent.

Heard before Peterson, MacLaughlin, and Yetka, JJ., and considered and decided by the court en banc.

PER CURIAM.

This case comes to us on writ of certiorari from the Minnesota Tax Court and is the *third* time this court has been asked to consider issues arising from an attempt by Hennepin County to impose a tax on certain personal property owned by respondent.

In the first appeal, General Mills, Inc. v. Commr. of Taxation, 294 Minn. 175, 199 N. W. 2d 636 (1972), we found the aforesaid property exempt from taxation. In the second appeal, General Mills, Inc. v. State, 303 Minn. 66, 226 N. W. 2d 296 (1975), we held that respondent was entitled to interest on moneys paid under the invalid assessments.[1]

The substance of the issues raised in the instant appeal is not readily apparent. Indeed, the parties are in disagreement as to whether this court must rule on respondent's right to interest or whether the Tax Court has the power to order the commissioner of revenue to "certify" to county officials that respondent is entitled to interest.

We need not rule on that latter question. It is clear that respondent is entitled to 6-percent interest on its personal property tax refund. General Mills, Inc. v. State, *supra*. We so hold.

Moreover, there comes a time when litigation must end. We believe that time has arrived in this case.

Affirmed.

---

[1] Respondent had paid the challenged tax payable in the years of 1969 through 1972 under protest. These funds have been refunded without interest.