EMPLOYERS NATIONAL INSURANCE
COMPANY, Respondent,

v.

Christine BREAUX, et al., Defendants,

"TCBY" Systems, Inc., an Arkansas
corporation, Appellant.

No. C6–93–2108.

Court of Appeals of Minnesota.

May 10, 1994.

Susan L. Segal, Jonathan M. Redgrave, Gray, Plant, Mooty, Mooty & Bennett, Minneapolis, for appellant.

Thomas A. Harder, Thomas M. Countryman, Jardine, Logan & O'Brien, St. Paul, for respondent.

Considered and decided by RANDALL, P.J., and LANSING and MULALLY,* JJ.

## OPINION

RANDALL, Judge.

Appellant TCBY Systems, Inc. challenges the trial court's summary judgment holding that Employers National Insurance Company is not obligated to defend or indemnify TCBY in a lawsuit brought by an employee of a TCBY franchisee. We affirm.

## FACTS

Appellant TCBY Systems, Inc. (TCBY) is an Arkansas based franchisor of frozen yogurt stores. Defendant Northland Yogurt,

Inc. is a TCBY franchisee. Catherine Czuba is the president and sole shareholder of Northland. Kari Wodahl is the manager of two Northland TCBY franchises, one in Eden Prairie and one in Richfield. Christine Breaux was the manager of the Northland TCBY store in Uptown Minneapolis.

In May of 1990, Breaux sued Northland, Czuba, and Wodahl, alleging that Czuba engaged in a pattern of sexual harassment, sexual discrimination and reprisal discrimination. Breaux also alleged that Czuba and Wodahl sexually assaulted her. In her deposition, Breaux said that she, Wodahl, and Czuba went out to dinner after which Wodahl and Czuba invited her to a gay bar. There they drank together. Then Breaux said that she stayed that evening at the home of Czuba and Wodahl to cut down on driving, as they had all been drinking. She further said that sometime during the night, Czuba and Wodahl initiated sexual contact. Wodahl and Czuba alleged that Breaux initiated the contact.

Breaux later amended her complaint to allege that TCBY exercised substantial control over the Uptown TCBY store and that TCBY's position as employer and franchisor created vicarious liability under the doctrine of respondeat superior.

Employers National Insurance Co. had issued a business owners policy naming TCBY–Franchises as the named insured. The policy provided business liability coverage for bodily injury caused by an occurrence and arising during the policy period. The policy excluded coverage for bodily injury to "an employee of the insured arising out of and in the course of employment by the insured." In addition, the policy affords coverage separately to each insured.

Czuba, Wodahl, Northland and TCBY sought defense and indemnity from Employers for the suit brought by Breaux. Employers brought this declaratory judgment action, asserting it was not obligated to defend or indemnify any of the defendants in the underlying action. Employers moved for sum-

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

mary judgment with respect to the claims against Northland, Czuba and Wodahl. The trial court granted Employers' motion, concluding that the employee exclusion clause precluded coverage. That decision was not appealed.

Employers then moved for summary judgment on the claims against TCBY. The trial court granted this motion, concluding that its earlier determination that the employee exclusion clause precluded coverage was the law of the case. TCBY appeals.

## ISSUE

Is Employers obligated to defend TCBY against Breaux's respondeat superior claim?

## ANALYSIS

In reviewing a summary judgment, an appellate court must determine whether there are any genuine issues of material fact and whether the trial court correctly applied the law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). Interpretation of the language of an insurance policy presents a question of law that is reviewed de novo on appeal. *Iowa Kemper Ins. Co. v. Stone*, 269 N.W.2d 885, 887 (Minn.1978).

■ TCBY is seeking to compel Employers to defend it against the claims brought by Breaux. An insurer's duty to defend arises when any part of the claim against the insured is arguably within the scope of indemnity coverage afforded by the policy. *Brown v. State Auto. & Casualty Underwriters*, 293 N.W.2d 822, 825–26 (Minn.1980). The insurer bears the burden of showing that all parts of the cause of action against the insured are clearly outside the scope of the policy's coverage. *Farmers & Merchants State Bank v. St. Paul Fire & Marine Ins. Co.*, 309 Minn. 14, 18, 242 N.W.2d 840, 843 (1976).

■ Ordinarily, to determine whether an insurer must defend, the allegations of the complaint are compared with the coverage afforded by the policy. The complaint is not controlling, however, when actual facts outside of the complaint establish the existence or nonexistence of a duty to defend. *Crum*

*v. Anchor Casualty Co.*, 264 Minn. 378, 387–88, 119 N.W.2d 703, 709 (1963).

■ Earlier, the trial court held that the employee exclusion clause bars coverage for the claims against Northland, Czuba and Wodahl. This decision was not appealed and is now final. *See Loram Maintenance of Way, Inc. v. Consolidated Rail Corp.*, 354 N.W.2d 111, 113 (Minn.App.1984) (party that does not join in appeal is bound by decision of lower court), *pet. for rev. denied* (Minn. Jan. 11, 1985). The employee exclusion bars coverage for any claim by Breaux against her employer (issues such as workers' compensation claims or the personal liability of Czuba and Wodahl are not at issue).

■ Breaux asserted a respondeat superior claim against TCBY, alleging TCBY was Czuba and Wodahl's employer. Breaux must show that TCBY was Czuba's employer in order to hold TCBY liable under the doctrine of respondeat superior. *See Lange v. National Biscuit Co.*, 297 Minn. 399, 403, 211 N.W.2d 783, 785 (1973).

The trial court ruled that since the employee exclusion clause barred coverage for Breaux's lawsuit against Northland, Czuba, and Wodahl, it must follow that the employee exclusion clause also barred coverage for Breaux's lawsuit against TCBY on her theory of respondeat superior. Thus, TCBY's insurer, Employers, is completely out of the case.

■ TCBY, to try to come under Employer's coverage, argues that Breaux was not its employee and, therefore, the employee exclusion does not apply to the claims against TCBY. *See Utica Mut. Ins. Co. v. Emmco Ins. Co.*, 309 Minn. 21, 28–34, 243 N.W.2d 134, 139–41 (1976) (employee exclusion only applies to claims brought by employee of insured seeking coverage). TCBY and Czuba provided affidavits that Breaux was an employee of Northland and that TCBY was not the employer of Czuba and Wodahl, did not exercise control over Czuba, Wodahl or Northland, and was not in a principal/agent relationship with Breaux's employer.

There is no evidence to support a claim that TCBY was Czuba's employer. The unrefuted affidavits submitted to the district

court establish that TCBY had no control over Czuba's or Northland's business expenditures, pricing, employee productivity standards or personnel decisions, including hiring, firing, supervision or termination. TCBY merely licensed to Northland the right to use TCBY's trademarks and business system. Both TCBY, the franchisor, and Northland, the franchisee, agree that the relationship is nothing more than that of a national franchisor licensing its name and product to an independent franchisee.

Thus, Breaux is faced with a deadend in her attempt to keep TCBY's insurer in the lawsuit. While she may have a claim against Czuba and Wodahl, and may have a claim against Northland as Czuba's and Wodahl's direct employer, she can only keep in TCBY on a theory of respondeat superior. If she can, then Employers is protected by the employee exclusion clause. Obviously, if Breaux's claim against Northland is not under Employers' insurance coverage, her claim against TCBY cannot come under Employers coverage.

On the other hand, if Breaux and TCBY, in an attempt to keep Employers in the lawsuit, are successful in showing that TCBY has no employer/employee relationship to Breaux, and therefore the employee exclusion clause does not apply, then Breaux has no basis to bring in TCBY (and thus Employers) on any theory. Breaux can only hold TCBY and its insurer in the lawsuit if there is some nexus of respondeat superior. And if she were able to show that, which she has not, the employee exclusion clause would step in to bar any coverage.

Put another way, TCBY's liability, if any, must be based on Czuba's and Wodahl's conduct. To keep TCBY in the case, there must be some showing that it employed Czuba and Wodahl. This showing, however, would defeat TCBY's right to coverage. Either TCBY was Czuba and Wodahl's employer, in which case TCBY was also Breaux's employer and the employee exclusion applies; or TCBY was not Czuba and Wodahl's employer, in which case the respondeat superior claim must fail. Either way, Employers is not obligated to defend or indemnify TCBY.

Appellant argues that the trial court erred when it ruled that since it had previously found in Employers' favor as to Breaux's claims against Northland, it was now bound by the law of the case to rule for Employers in Breaux's claims against TCBY.

The law of the case doctrine is often applied to issues decided in earlier appellate decisions. *Mattson v. Underwriters at Lloyds of London,* 414 N.W.2d 717, 719–20 (Minn.1987). But it may also be applied to unappealed trial court decisions made at an earlier stage of the same case. *See, e.g., Little Earth of the United Tribes, Inc. v. United States Dep't of Housing & Urban Dev.,* 807 F.2d 1433, 1438, 1440–41 (8th Cir. 1986).

A trial court judge is not firmly bound by its own prior decision in the same way a trial court is bound by the decision of a higher court of review. Trial courts are routinely asked by a party to reconsider prior rulings and decisions. It is not uncommon for a trial court judge, upon a timely motion for reconsideration, to clarify, modify, and, at times, completely reverse its own prior ruling. But, the power to do so does not indicate that a trial court must do so. It is a discretionary matter based on how it views the attorney's argument for reconsideration.

Here, no such motion for reconsideration was made. All appeal times on the trial court's ruling that Employers did not have to defend and indemnify Northland have passed, and so that ruling stands as the law of the case. Thus, it was not error for the trial court, when faced with Employers' motion to be dismissed from TCBY's case, to rule the same way.

Based on our conclusion that Employers does not have to defend or indemnify TCBY against Breaux's claims, as there is either no nexus (no theory under which coverage could be found), or if there is a respondeat superior nexus (which the record does not reflect), they are eliminated from the lawsuit by the employee exclusion clause, other issues raised by appellant are moot, and will not be considered.

## DECISION

There is no evidence to support Breaux's claim that TCBY was Czuba and Wodahl's employer; therefore, Breaux's respondeat superior claim must fail. If TCBY were Czuba, Wodahl and Breaux's employer, her claim against TCBY would be barred from coverage by the employee exclusion clause. In either event, Employers is not obligated to defend TCBY.

**Affirmed.**

LANSING, Judge (dissenting).

The question to be resolved is whether Employers National Insurance Co. (insurer) is contractually obligated to defend or indemnify TCBY. The majority analyzes this duty by evaluating the merits rather than the claims of the underlying lawsuit. Irrespective of the merits, TCBY must present a defense because its motion for dismissal was denied (the district court concluded that there is a material question of fact on whether TCBY exercised sufficient control over Northland to create an agency relationship). Moreover, the majority's circular argument incorrectly interprets the employee exclusion to completely subsume Breaux's claim against TCBY. This overlooks both the assertion of agency and other vicarious liability. The insurer must defend if the complaint states a cause of action within the coverage afforded by the insurance contract. *See Economy Fire & Casualty Co. v. Iverson,* 445 N.W.2d 824, 826 (Minn.1989) (an insurer must defend if the claim is arguably within the scope of the policy coverage). Breaux's claim against TCBY is arguably within the policy's coverage.

In determining whether the claim was within the scope of the policy coverage, the district court applied the "law of the case" doctrine. When law of the case is applied to a previous decision that was not appealed, the doctrine is essentially a management practice allowing a logical progression toward a final resolution of the case. *Compare Paulson v. Greyhound Lines,* 628 F.Supp. 888, 891 (D.Minn.) (doctrine has less force at trial level where it merely expresses the practice of courts not to reopen what has been decided), *aff'd,* 804 F.2d 506 (8th Cir.

1986) *with Mattson v. Underwriters at Lloyds of London,* 414 N.W.2d 717, 719–20 (Minn.1987) (issues determined in a first appeal will not be relitigated in the trial court). Even when binding, the doctrine wisely permits a change of decision when there has been an intervening change in the facts or the law. *Brezinka v. Bystrom Bros., Inc.,* 403 N.W.2d 841, 843 (Minn.1987).

Several undisputed facts illustrate that law of the case does not apply. First, the insurer's previous summary judgment motion was against Northland Yogurt, the franchisee, not TCBY. TCBY had no standing to assert its own arguments or to appeal the district court's first order for summary judgment. Second, TCBY and Northland Yogurt are in factually distinct positions on the issue of whether they are employers for purposes of the policy's employee exclusion. Third, between the first and second summary judgment motions, the Minnesota Supreme Court decided *Garvis v. Employers Mut. Casualty Co.,* 497 N.W.2d 254 (Minn.1993), which holds that emotional distress with appreciable physical manifestations is bodily injury within the meaning of an insurance policy. *See Brezinka,* 403 N.W.2d at 843 (law of the case should not be applied when a change in the controlling law has made the earlier decision incorrect).

For these reasons the law of the case was improperly applied to determine whether the insurer was obligated to defend and indemnify TCBY. I would reverse the defense and indemnity ruling and remand the issue to the district court for proper resolution.