*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0989, A14-1280**

Colleen M. Doyle, petitioner,
Appellant,

vs.

Keith R. Klein,
Respondent.

**Filed May 26, 2015
Affirmed in part, reversed in part, and remanded
Smith, Judge**

Washington County District Court
File No. 82-F5-06-007572

Alan C. Eidsness, Melissa J. Nilsson, Henson & Efron, P.A., Minneapolis, Minnesota
(for appellant)

Kathleen M. Newman, Joshua M. Benson, Kathleen M. Newman + Associates, P.A.,
Minneapolis, Minnesota (for respondent)

        Considered and decided by Smith, Presiding Judge; Chutich, Judge; and Minge,

Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**SMITH**, Judge

We affirm the district court's denial of appellant's motion to adjust her spousal-maintenance award because the district court did not abuse its discretion by declining to consider tax consequences of the award. We also affirm the district court's denial of respondent's motion for amended findings regarding appellant's monthly expenses and expected future salary increases because of respondent's failure to timely appeal the district court's factual findings regarding appellant's monthly expenses and because its findings regarding future salary increases are not clearly erroneous. We reverse, however, the district court's denial of appellant's motion to implement a cost-of-living adjustment, and we remand solely for the district court to implement such an adjustment.

## FACTS

The district court dissolved appellant Colleen Doyle's and respondent Keith Klein's 19-year marriage in 2008. Its judgment and decree has been the subject of lengthy litigation spanning almost seven years. The present matter is the consolidated third and fourth appeals after two prior remands from this court.

Doyle and Klein had two teenaged children at the time of the dissolution, the youngest of which emancipated in 2012. During the marriage, Doyle maintained a license to practice law, but worked only intermittently outside the home. She also experienced significant health issues. Notwithstanding her health issues, the dissolution court found that Doyle was "physically and mentally capable of being employed at a minimum in a flexible part-time capacity" as an attorney. It found that Doyle's

2

reasonable monthly budget was $10,223. Based on its determination that Doyle could become self-sufficient after five years, it ordered Klein to pay temporary spousal maintenance until May 2013.

After Doyle appealed, we remanded for the district court to make more detailed findings regarding Doyle's expected future income. *Doyle v. Klein*, No. A09-200, 2010 WL 771628, at *2 (Minn. App. Mar. 9, 2010) (*Doyle I*). Although we stated that "the district court's findings regarding [Doyle's] expenses are sufficient," we also observed that that the district court had "never specifically indicated what portion of [the] total amount [of Doyle's expenses] was for [her] personal monthly expenses" versus expenses for the children, but, "by subtracting from the total the $2,208 the [district] court awarded her in monthly child support," we opined that "it is clear that the [district] court essentially found appellant's [post-emancipation] reasonable monthly expenses to be $8,015." *Id.*

On remand, Klein argued that the court of appeals had misinterpreted the district court's factual findings, and he urged the district court to clarify that it did not intend to find that Doyle's reasonable monthly expenses exceeded her own proposed amount. But the district court adopted the court of appeals calculations, stating that "[t]he Court of Appeals held the findings related to said expenses are sufficient." Klein did not move the district court for amended findings on this point.

Based on its assessment of Doyle's earning potential and the limitations imposed by her childcare responsibilities, the district court found that "she [would] experience a shortfall of $5,418" per month until February 2011, $4,169 per month by May 2011,

3

$2,689 per month by May 2012, and $1,520 per month by June 2013. It ordered Klein to pay Doyle $7,225 per month in spousal maintenance for the period of August 10, 2007 through January 31, 2011, $5,560 per month for the period of February 1, 2011 through April 30, 2012, and $3,586 per month for the period of May 1, 2012 through May 31, 2013, after which spousal maintenance payments would cease. It noted that these payments, when combined with Doyle's expected income, would exceed her reasonable monthly expenses, but it explained that this was necessary to account for the tax impact of Doyle's receipt of spousal maintenance.

Doyle appealed again, challenging the district court's finding that she would become capable of full-time employment and that the district court's estimates of the tax impacts of her receipt of spousal maintenance were insufficiently detailed and not supported by the record. *Doyle v. Klein*, No. A12-0751, 2013 WL 2922755, at *1, 9-11 (Minn. App. June 17, 2013) (*Doyle II*). Klein did not file a notice of related appeal, nor did he challenge the district court's adoption of the $8,015 figure in his responsive brief.

This court reversed in part and remanded, critiquing the district court's reliance on unfounded and unrealistic expectations of salary increases for entry-level attorneys, and directing the district court to reconsider Doyle's expected income increases and to more clearly spell out the basis for its tax-burden calculations. *Id.* at *9-11. Specifically, this court noted that the evidence presented to the district court did not support its calculations of yearly salary increases based on experience, especially given evidence in the record indicating that attorney salaries in the Twin Cities "only increased 2%" each year between 2006 and 2010. *Id.* at *8-9. When describing the *Doyle I* decision, we stated

4

that "[w]e affirmed the district court's finding regarding [Doyle's] monthly expenses, which were $10,233 for [Doyle] and the children, and $8,015 for [Doyle] after the children emancipated." *Id.* at *2.

On remand from *Doyle II*, the district court denied Klein's motion to "adjust or reconsider" Doyle's reasonable monthly expenses, citing this court's "affirmation" of its finding. It found "a 25% tax burden for [Doyle] to be appropriate." Citing "the Court of Appeals' rejection of Ms. Lowe's calculations and the only other evidence in the record," it decided "to use a 2% annual salary increase to determine [Doyle's] annual salary." It awarded Doyle permanent spousal maintenance of $3,771 per month.

Doyle moved the district court for amended findings, arguing that the district court's permanent spousal maintenance award failed to account for the consequences of the 25% tax burden she incurred as a result of its spousal maintenance award. Klein also moved the district court for amended findings, arguing that the district court had misinterpreted this court's use of the $8,015 figure for Doyle's reasonable monthly expenses, and that this figure contradicted the district court's own factual findings. The district court denied both motions, stating that the court of appeals had decided both issues.

Klein moved the district court to preclude enforcement of the cost-of-living adjustment provision from the original dissolution decree, arguing that it was not authorized under Minn. Stat. § 518A.75 (2012) because two years had not elapsed since the district court's action on remand after *Doyle II*. Doyle moved the district court to enforce the cost-of-living adjustment provision. The district court granted Klein's

motion, and denied Doyle's, ruling that its intention when awarding permanent spousal maintenance after remand from *Doyle II* had been to "provide a level of maintenance not subject to yearly cost-of-living adjustments."

Doyle appealed both the district court's denial of her motion for amended findings and its denial of her motion to implement the cost-of-living adjustment provision. By order of July 30, 2014, this court consolidated the appeals. Klein filed a timely notice of related appeal.

**D E C I S I O N**

**I.**

Doyle challenges the district court's denial of her motion to "gross up" her permanent spousal maintenance award to account for the tax consequences of her receipt of spousal maintenance. We review a district court's spousal maintenance award for abuse of discretion. *Dobrin v. Dobrin*, 569 N.W.2d 199, 202 (Minn. 2997). It is within a district court's discretion to consider tax consequences, but the district court is not required to do so. *See Maurer v. Maurer*, 623 N.W.2d 604, 607 (Minn. 2001) (holding that a "bright-line rule would leave little, if any, room for the exercise of discretion"); *cf. id.* at 608 (holding that "it would be inequitable to *preclude* a [district] court from considering future tax consequences" (emphasis added)).

Doyle cites no authority requiring the district court to consider the tax consequences of a permanent spousal maintenance award. Instead, she argues that the district court's practice of considering tax consequences in its other calculations requires that it continue to do so when awarding permanent spousal maintenance. But Doyle also

6

cites no authority requiring a district court to continue considering tax consequences if it has considered them in the past. As such, her argument amounts to an assertion unsupported by legal authority, and we therefore affirm the district court's denial of Doyle's motion. *See Schoepke v. Alexander Smith & Sons Carpet Co.*, 290 Minn. 518, 519-20, 187 N.W.2d 133, 135 (1971) ("[A]ssignment of error based on mere assertion and not supported by any argument or authorities in appellant's brief is waived and will not be considered on appeal unless prejudicial error is obvious on mere inspection.").

## II.

Klein challenges the district court's permanent spousal maintenance award, arguing that it erroneously used a 2% annual salary increase for Doyle. District courts have "broad discretion" when determining how to proceed on remand, *Janssen v. Best & Flanagan, LLP*, 704 N.W.2d 759, 763 (Minn. 2005), but "[i]t is the duty of the [district] court on remand to execute the mandate of this court strictly according to its terms," *Halverson v. Vill. of Deerwood*, 322 N.W.2d 761, 766 (Minn. 1982), and "[t]he [district] court may not vary the mandate . . . or decide issues beyond those remanded," *In re Estate of Boysen*, 351 N.W.2d 398, 400 (Minn. App. 1984).

On remand after *Doyle II*, the district court stated that its use of the 2% annual wage-increase amount was based on the court of appeals' remand instructions. In *Doyle II*, we noted that a witness had testified that Twin Cities attorneys generally were expected to experience "2% wage inflation increases between 2011 and 2013" as well as between 2007 and 2010. 2013 WL 2922755, at *8. Although we did not specifically instruct the district court to use the 2% wage-inflation figure as the sole factor in

predicting Doyle's future income, we held that the district court's predictions that Doyle would receive "aggressive" salary increases were unsupported by the record. *Id.* Based on this holding, the district court did not abuse its discretion by proceeding on remand based solely on the 2% annual wage-increase evidence that remained unchallenged in the record.[1]

**III.**

Klein also challenges the district court's use of $8,015 as the amount of Doyle's post-emancipation reasonable monthly expenses. As a threshold matter, we consider whether our statements in *Doyle I* and *Doyle II* addressing the $8,015 figure should preclude Klein from raising it here. The law-of-the-case doctrine "applies where an appellate court has ruled on a legal issue and has remanded the case to the [district] court for further proceedings." *Loo v. Loo*, 520 N.W.2d 740, 744 n.1 (Minn. 1994). "Issues determined in a first appeal will not be relitigated in the [district] court nor reexamined in a second appeal." *Mattson v. Underwriters at Lloyds of London*, 414 N.W.2d 717, 720 (Minn. 1987). "[T]he underlying principle [is] that an adjudication of the merits of an issue is conclusive, and should not be relitigated . . . ." *Loo*, 520 N.W.2d at 744. The doctrine "is based upon the ground that there would be no end to a suit if every obstinate litigant could, by repeated appeals compel a court to listen to criticisms on their opinions

---

[1] We also note that, if Doyle's future wage increases exceed the district court's 2% annual prediction, Klein may bring a motion to modify the permanent spousal maintenance award in light of Doyle's actual income. *See* Minn. Stat. § 518A.39, subd. 2(a)(1) (2014) (allowing a motion for modification of spousal maintenance to address "substantially increased . . . income of an . . . obligee").

. . . ." *Lange v. Nelson-Ryan Flight Serv., Inc.*, 116 N.W.2d 266, 269 (Minn. 1962) (quotation omitted).

Klein contends that, notwithstanding our statements in *Doyle I* and *Doyle II*, his challenge to the district court's post-*Doyle I* adoption of the $8,015 figure for Doyle's post-emancipation expenses is not barred because the law-of-the-case doctrine applies only to legal issues, not factual matters. *See Dean Van Horn Consulting Assocs., Inc. v. Wold*, 395 N.W.2d 405, 408 (Minn. App. 1986) (holding that the law-of-the-case doctrine did not apply to a factual matter). But our statements in *Doyle I* and *Doyle II* addressed a legal issue: the *sufficiency* of the district court's findings regarding Doyle's expenses. Klein is therefore precluded from relitigating, as he attempts to here, whether the district court's factual finding is sufficiently supported by the record.

The law-of-the-case doctrine "may also be applied to unappealed [district] court decisions made at an earlier stage of the same case." *Emp'rs Nat'l Ins. Co. v. Breaux*, 516 N.W.2d 188, 191 (Minn. App. 1994), *review dismissed* (Minn. Sept. 16, 1994). Even if we allowed that Klein could have reasonably contested the $8,015 finding notwithstanding our statement in *Doyle I*, he did not raise that issue in *Doyle II*, and he did not file a petition for further review with the supreme court in either *Doyle I* or *Doyle II*. As such, he forfeited his opportunity to contest the issue and is precluded from challenging it now even if "none of the principles or doctrines requiring that judicial decisions have preclusive effect apply to this case in a technical sense." *Loo*, 520 N.W.2d at 743-44; *see also id.* at 744 n.2 (holding that, even where the law-of-the-case doctrine (or the related doctrine of res judicata) does not "quite fit," preclusion applies

9

when necessary to protect the "finality of judgments"). We echo the sentiment expressed by the supreme court in *General Mills, Inc. v. Commissioner of Taxation*, 303 Minn. 565, 565, 228 N.W.2d 261, 261 (1975): "[T]here comes a time when litigation must end. We believe that time has arrived in this case."

## IV.

Having addressed issues arising from the long-running litigation over the terms of the district court's 2008 judgment and decree, we turn now to Doyle's motion to enforce a cost-of-living adjustment provision. Doyle argues that the district court erred by denying her motion to implement a cost-of-living adjustment to her permanent spousal maintenance award. "A district court has broad discretion over issues of spousal maintenance, and generally we will not reverse a decision regarding maintenance absent an abuse of this discretion." *Grachek v. Grachek*, 750 N.W.2d 328, 330-31 (Minn. App. 2008), *review denied* (Minn. Aug. 19, 2008). But when the issue involves the interpretation of a statute, we review it de novo. *Id.* at 331.

A district court must include a cost-of-living adjustment provision when it establishes, modifies, or enforces a spousal maintenance agreement. Minn. Stat. § 518A.75, subd. 1(a) (2014). But it "may waive the requirement of the cost-of-living clause if it *expressly finds* . . . that the order for maintenance . . . has a provision such as a step increase that has the effect of a cost-of-living clause." *Id.*, subd. 1(b) (emphasis added).

The district court here stated that its 2% annual adjustments to Doyle's expected income on remand after *Doyle II* "effectively provide a level of maintenance not subject

to yearly cost-of-living adjustments." Klein argues that this is a finding that these adjustments are step increases that have the effect of a cost-of-living clause. But the district court's and Klein's analyses turn the meaning of a cost-of-living adjustment on its head. A cost-of-living adjustment is "[a]n automatic increase or decrease in the amount of money, usu[ally] support or maintenance, to be paid by one party to another, the adjustment being tied to the cost-of-living-adjustment figures maintained and updated by the federal government." *Black's Law Dictionary* 399 (9th ed. 2009); *see also* Minn. Stat. § 518A.75, subd. 1(a) (noting the sources that may be used to calculate cost-of-living adjustments). A cost-of-living adjustment is therefore based on expected changes in a maintenance recipient's *expenses*, not her *income*. The district court's consideration of presumed 2% annual increases in Doyle's income would leave her expected expenses unchanged and have the effect of decreasing, rather than increasing, her spousal maintenance award. As such, they are not step increases having the effect of a cost-of-living-adjustment clause within the meaning of Minn. Stat. § 518A.75, subd. 1(b). We therefore reverse the district court's denial of Doyle's motion to implement a cost-of-living adjustment, and remand with instructions for the district court to implement a cost-of-living adjustment in Doyle's spousal maintenance award in a manner consistent with this opinion.

**Affirmed in part, reversed in part, and remanded.**