NORMAN JOHNSON, AS FATHER AND NATURAL GUARDIAN OF MONTE THOMAS JOHNSON AND ANOTHER, v. MUNSINGWEAR, INC. AND ANOTHER.[1]

October 31, 1947.

No. 34,443.

*Durham & Swanson,* for relators.

*T. M. Hynes,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Certiorari upon the relation of the employer and its insurer to review a decision of the industrial commission, made pursuant to

[1]Reported in 29 N. W. (2d) 822.

the mandate of this court,[2] determining the amount of compensation to be awarded for the death of Sarah Johnson, deceased employe, to her wholly dependent daughter under the age of 16 and to her partially dependent son between the ages of 16 and 18.

In our former opinion, we held that the conclusive presumption of total dependency of children under 16 years of age as created by M. S. A. § 176.12, subds. 1 and 2, was a rule of substantive law, not rebuttable by evidence; and, accordingly, that such a dependent would be entitled to full compensation, whether wholly or partially supported by the deceased employe. We further held that the provision in that statute that children between the ages of 16 and 18 are considered prima facie dependent created a *rebuttable* presumption of total dependency, which in the instant case was rebutted by evidence that such a dependent was supported out of a common fund to which the deceased employe contributed only a portion; and that hence the rate of compensation for such dependent should be based upon § 176.12, subd. 17, which provides that *partial* dependents shall receive only that portion of the benefits provided for *actual* dependents which the average amount of wages regularly contributed by the deceased to such partial dependents bears to the total income of the dependents.

Here, the deceased employe at the time of her death contributed her weekly earnings of $32 to a common family fund, to which her husband, who survived her, contributed his weekly earnings of $52 and from which the deceased, her husband, and the two dependents here involved, one under the age of 16 and one between the ages of 16 and 18, received their total support.

Subsequent to our decision, the commission determined that the child under 16 should be allowed compensation as a totally dependent orphan, as fixed by § 176.12, subd. 12, which provides:

"If the deceased employee leave a dependent orphan, there shall be paid 45 per cent of the daily wage at the time of injury of the

2See, Johnson v. Munsingwear, Inc. 222 Minn. 540, 25 N. W. (2d) 308.

deceased, with ten per cent additional for each additional orphan, with a maximum of 66 2/3 per cent of such wages;"

Based upon the foregoing statute, the commission determined that both children here must first be classified as wholly dependent for the purpose of determining the maximum compensation to which they would be entitled. In accordance therewith, it determined that under the foregoing statute the maximum to which they were entitled was 55 percent of the weekly wage of the deceased, or $17.60 per week. It further held that, since only one of such children was actually totally dependent, such child was entitled to the full 45 percent of said weekly wage, as specified in § 176.12, subd. 12, or $14.40 per week out of the maximum of $17.60. The remainder, or $3.20 per week, it awarded to the partially dependent child past 16 until such child should attain the age of 18.

The formula followed by the commission in support of the latter award was based upon the language in § 176.12, subd. 17, which provides that partial dependents are entitled to compensation based on the portion of benefits provided for actual dependents which the average amount of wages regularly contributed by the deceased bears to the total income of the dependents; and upon the conclusion that, in the absence of evidence to the contrary, each of the four members of this family derived the same proportionate amount from the total family income of $84 per week.

On such basis, it found that the income of the partially dependent child before the death of the mother equaled $21 per week, and that subsequent to her death it was reduced $8 per week. The commission therefore held that this child should receive 8/21 of $8.80 per week (one-half the maximum compensation of $17.60 per week payable had both children been totally dependent under § 176.12, subd. 12), or the sum of $3.35 per week. This was reduced to $3.20, so that, together with the $14.40 awarded the totally dependent child, the total compensation awarded would not exceed such maximum of $17.60 per week authorized under § 176.12, subd. 12.

On review here, relators contend that, because the father of the dependents survived and then was earning a sum in excess of that

earned by deceased at the time of her death, § 176.12, subds. 7 and 13, should be applied in determining the rate payable to the two dependents. Section 176.12, subd. 7, provides:

"If the deceased employee leave a dependent husband and no dependent child, there shall be paid to the widow or widower for the benefit of herself or himself and such child, 50 per cent of the daily wage at the time of injury of the deceased;"

Section 176.12, subd. 13, provides:

"If the deceased employee leave a dependent husband and no dependent child, there shall be paid to the husband 30 per cent of the daily wage at the time of injury of the deceased;"

Relators urge that, since subd. 13 provides that only 30 percent of the deceased wife's wages shall be paid a dependent husband, while subd. 7 provides that only 50 percent of the deceased wife's wages shall be paid a husband and one wholly dependent child, the amount allowed a surviving dependent child alone should be the difference between these two figures, or 20 percent of the deceased wife's daily wages for such child. Under this theory, relators assert that the maximum which the wholly dependent child here should receive would be 20 percent of $32, or $6.40 a week.

As to the partially dependent child, relators further contend that, because $10 per week of the common fund was previously used for payment of a housekeeper, the maximum which such child should receive, even under the formula adopted by the commission, should be based upon a total family income of $74 rather than $84; and that under this theory the partially dependent child would be entitled to one-fourth of $74, or $18.50, received when the family consisted of four members, less one-third of $52, or $17.33, received after the death of the mother, when the family consisted of three members, or $1.17 per week rather than the $3.20 per week awarded by the commission.

■ While there is some doubt in the language of the statutes involved, we feel that the commission has correctly carried out the mandate of this court in determining the awards payable to the

dependent children herein. Under our decision in State ex rel. Radisson Hotel v. District Court, 143 Minn. 144, 172 N. W. 897, the commission was correct in applying the language of § 176.12, subd. 12, relating to orphans, as the proper measurement of the compensation due the dependents here. Therein we held that children of a deceased mother were dependent orphans even though their father survived, although there it appeared that the father had deserted his family prior to the mother's death. Therein we stated (143 Minn. 148, 172 N. W. 898):

"The decisions as well as the dictionaries, recognizing that the term orphan may properly be applied to a motherless as well as to a fatherless child, we think it meets with no difficulty of construction to hold that the minors here in question are orphans within the meaning of subdivision 10 of section 14, chapter 209, p. 291, Laws 1915."

It is clear therefrom that the industrial commission in the instant case properly applied § 176.12, subd. 12, in determining the rate of compensation due the dependent child under 16, and in determining the maximum compensation payable to both dependents. See, also, Portin v. Portin, 149 Tenn. 530, 261 S. W. 362; Ex parte Cline, 213 Ala. 599, 105 So. 686.

■ As to the partially dependent child, under § 176.12, subd. 17, we feel that the commission has properly determined the proportionate amount of the maximum compensation due such child, particularly in view of § 176.12, subd. 10, which provides:

"In all cases where compensation is payable to the widow or widower for the benefit of herself or himself and dependent child or children, the industrial commission shall have power to determine, in its discretion, what portion of the compensation shall be applied for the benefit of any such child or children and may order the same paid to a guardian;"

See, Stegner v. City of St. Paul, 189 Minn. 290, 249 N. W. 189.

We do not agree with relators' assertion that because a portion of the total family income was used in payment of a housekeeper

this should result in a reduction of the total family income, any more than would the payment of a portion of the amount for groceries or other necessities constitute a reduction thereof, since such payments were for the benefit of all four members of the family. Accordingly, the sum of $84 was the proper amount to use in determining the proportionate share to be awarded the partially dependent child under § 176.12, subd. 17, and the commission correctly followed the formula covered therein.

Affirmed.