Patricia REDLAND, Widow of David W. Redland, Deceased Employee, Respondent,

v.

NELSON'S QUALITY EGGS, INC., et al., Relators.

No. 49866.

Supreme Court of Minnesota.

Feb. 1, 1980.

Laurence F. Koll, St. Paul, for relators.

Grose, Von Holtum, Von Holtum, Sieben & Schmidt and Timothy J. McCoy, Minneapolis, for respondent.

Heard before PETERSON, YETKA and WAHL, JJ., and considered and decided by the court en banc.

YETKA, Justice.

The employer and insurer appeal from the Workers' Compensation Court of Appeals' determination that the widow is not a dependent entitled to receive benefits under any government survivor program and thus is entitled to full workers' compensation benefits.

We affirm, reversing and remanding only as to the method of calculation.

The issues raised in this appeal are as follows:

1. When a widow receives "mother's insurance benefits" pursuant to 42 U.S.C. § 402(g) (1976), is she receiving benefits under any government survivor program within the meaning of Minn.Stat. § 176.111, subd. 21 (1976)?

2. Where a wage earner dies, leaving a spouse and two children residing in the same household, should the limitation in section 176.111, subdivision 21, be applied to the children as a group or to each child separately?

3. Does Minn.Stat. § 176.111, subd. 10 (1978), authorize a compensation judge to change the statutory formula for the federal Old-Age Survivors and Disability Insurance (OASDI) offset contained in Minn. Stat. § 176.111, subd. 21?

4. How, if at all, does the adjustment of benefits contained in Minn.Stat. § 176.645 (1978) apply to section 176.111, subdivision 21?

In this case, David W. Redland sustained a personal injury arising out of his employment with Nelson Quality Eggs, Inc., and died on January 6, 1976. He left surviving his widow, Patricia Redland, and two children, Janae and Erik. Mr. Redland's weekly wage at the time of his death was $185. The widow and two children therefore became entitled to workers' compensation benefits of $123.33 per week, which the compensation judge allocated 70% to the widow and 30% to the children.

The family also receives $918.60 per month in social security benefits. Each month, the widow receives a check made out to her for $306.20, plus an additional check issued to her as custodian of the dependent children for $612.40. This computes to a weekly payment of $211.91, or $70.66 per week per dependent. The compensation judge held that the widow does

not receive benefits as a survivor, but rather as custodian for the children. Therefore, he awarded full workers' compensation benefits to the widow but no benefits to the children and allowed the employer-insurer a credit for benefits already paid to the children. The Workers' Compensation Court of Appeals affirmed the compensation judge in all respects, and the employer-insurer appealed.

1. At the outset, it is necessary to consider the language and purpose of section 176.111, subdivision 21. In 1976 the section read as follows:

> *Death, benefits; coordination with governmental survivor benefits.* The following provision shall apply to any dependent entitled to receive weekly compensation benefits under this section as the result of the death of an employee, and who is also receiving or entitled to receive benefits under any government survivor program:

> (a) The combined total of weekly government survivor benefits and worker's compensation death benefits provided under this section shall not exceed 100 percent of the weekly wage being earned by the deceased employee at the time of the injury causing his death; provided, however, that no state worker's compensation death benefit shall be paid for any week in which the survivor benefits paid under the federal program, by themselves, exceed 100 percent of such weekly wage * * *.

Minn.Stat. § 176.111, subd. 21 (1976). A 1977 amendment, effective May 28, 1977, struck clause (b) and added the following proviso:

> provided, however, the workers' compensation benefits payable to a dependent surviving spouse shall not be reduced on account of any governmental survivor benefits payable to decedent's children if the support of the children is not the responsibility of the dependent surviving spouse.

1977 Minn.Laws, ch. 342, § 15, codified at Minn.Stat. § 176.111, subd. 21 (1978).

The purpose of section 176.111, subdivision 21, appears to be to limit workers' compensation benefits payable to members of a deceased worker's family who are also receiving government survivor benefits. As stated in 4 A. Larson, *The Law of Workmen's Compensation* § 97.00 (1979):

> Once it is recognized that workmen's compensation is one unit in an overall system of wage-loss protection, rather than something resembling a recovery in tort or on a private accident policy, the conclusion follows that duplication of benefits from different parts of the system should not ordinarily be allowed. Since most social legislation in the United States has appeared in unrelated fragments, lack of coordination resulting in cumulation of benefits is quite common; but newer legislation * * * is more carefully drawn to prevent this result.

Section 176.111, subdivision 21, is one of these new provisions designed to prevent duplication of benefits.

The issue here is whether the widow receives benefits under any government survivor program within the meaning of Minn.Stat. § 176.111, subd. 21 (1976). We agree with the court of appeals that she does not. The Redland children receive federal OASDI benefits pursuant to 42 U.S.C. § 402(d) (1976), and Patricia Redland receives mother's insurance benefits pursuant to 42 U.S.C. § 402(g) (1976). If the Redlands had no children at the time of the decedent's death, no OASDI benefits would be payable to anyone. Once the children can no longer receive benefits on their behalf, no further payment will be made to Mrs. Redland unless at that time she qualifies for that portion of the social security program which provides for old age pension; in other words, a minimum of age 60. Thus, Mrs. Redland fully qualifies for workers' compensation benefits on her own behalf without offset. To hold otherwise would allow one widow who has no children to collect workers' compensation benefits and deny the same to one who does. We do not believe that the legislature intended such a result.

2. Mrs. Redland argues that the phrase "any dependent" in section 176.111, subdivision 21, means that the weekly social security benefits for *each dependent* must be compared to the weekly wage of Mr. Redland. In other words, the $70.66 social security benefits paid to each dependent is less than the $185 weekly wage so no offset is in order.

Upon reading the entirety of section 176.111, subdivision 21, however, it is clear that "any dependent" is intended to separate those dependents who fall into the combined benefit provisions from those who do not. If "any dependent" is receiving workers' compensation death benefits and government survivor benefits, that dependent is included. This interpretation is implicit in the 1977 amendment to subdivision 21.

Since the Redlands' children receive $211.91 weekly from social security on their behalf, which exceeds the $185 weekly wage, the Redlands' children are not entitled to any workers' compensation benefits as long as weekly social security exceeds the weekly wage.

3. Relator questions the allocation of 70% of the compensation payment to the widow and 30% to be used for support of the children and claims there is no statutory authority for the same, or in the alternative, if the statute is interpreted to authorize the allocation, it is unconstitutional.

Minn.Stat. § 176.111, subd. 10 (1978) provides as follows:

*Allocation of compensation.* In all cases where compensation is payable to the surviving spouse for the benefit of the surviving spouse and dependent children, the commissioner of the department of labor and industry, compensation judge, or workers' compensation court of appeals in cases upon appeal may determine what portion of the compensation shall be applied for the benefit of any such child and may order the same paid to a guardian.

If this section had not been invoked, the surviving spouse could expect 75% of the maximum compensation benefit. *I.e.,* the 50% of the deceased's daily wage guaranteed to a spouse with no children pursuant to section 176.111, subdivision 6, is 75% of the 66⅔% of the deceased's daily wage allocated to a spouse and two children pursuant to section 176.111, subdivision 8. The allocation of 70% rather than 75%, therefore, is actually beneficial to the relator, and we are hard put to understand its argument. We believe the statute is a reasonable legislative intent to grant some discretion to the department to allocate the funds. This does not mean that in each case the reasons should not be clearly articulated; they should be.

4. Minn.Stat. § 176.645 (1978), effective retroactively to October 1, 1975, reads as follows:

*Adjustment of Benefits.* For injuries occurring after October 1, 1975 for which benefits are payable under section 176.101, subdivisions 1, 2 and 4, and section 176.111, subdivision 5, the amount due the employee or any dependents shall be adjusted in accordance with this section. On October 1, 1976, and each October 1 thereafter the amount due shall be adjusted by multiplying the amount due prior to each adjustment by a fraction, the denominator of which is the statewide average weekly wage for December 31, 21 months prior to the adjustment and the numerator of which is the statewide average weekly wage for December 31, nine months prior to the adjustment. For injuries occurring after October 1, 1975, all adjustments provided for in this section shall be included in computing any benefit due under this section. Any limitations of amounts due for daily or weekly compensation under this chapter shall not apply to adjustments made under this section. No adjustment increase made on October 1, 1977 or thereafter under this section shall exceed six percent a year. In those instances where the adjustment under the formula of this section would exceed this maximum the increase shall be deemed to be six percent.

Although the briefs of counsel do not adequately deal with this issue, it was involved in this case as well as the cases of *Dependents of Carl F. Lemke, et al. v. Knudsen Trucking, Inc., et al.,* 291 N.W.2d 378 (Minn.1980), and *Helen J. Patterson v. Dvorak Construction Co., et al.,* 291 N.W.2d 376 (Minn.1980). All three of these cases were consolidated for oral argument, and counsel pressed this court for clarification of the law. Opinions in all three of these cases will be issued simultaneously.

The initial question is whether section 176.645 applies at all to section 176.111, subdivision 21. Subdivision 21 is not mentioned anywhere in the text of section 176.-645. The employers and insurers argue that the adjustment is therefore not available when payments are made pursuant to section 176.111, subdivision 21. However, the right to receive death benefits is granted in section 176.111, subdivision 5, not subdivision 21. Benefits payable under subdivision 5 are clearly covered by section 176.-645. The adjustment thus applies in all three cases before the court.

The next question is how to apply the adjustment. Section 176.645 states that any limitations of amounts due for weekly compensation shall not apply to the adjustment. Under a literal interpretation of the statute, one would take the previous amount due and increase it by a fraction (6% from October 1, 1977, to date). In the *Redland* case, $0 benefits due × 1.06 = $0. A literal reading of the statute means that the Redland children would never receive workers' compensation benefits no matter how high inflation becomes. The legislature could not have intended such an absurd result.

In the alternative, one could multiply the amount that would be due without the social security offset, $123.33, by the applicable percentage and give the dependents that amount. For example, 6% of $123.33 = $7.40. The problem with this method is that it is not flexible enough to take into account increases and decreases in social security benefits as section 176.111, subdivision 21, dictates. The advantage of this system, however, is its ease of application.

The most logical way to read subdivision 21 and section 176.645 in harmony is to increase the *weekly wage* by the applicable percentage. If decedent had lived, his wages would have increased with inflation. The term "amount due" in section 176.645 should be interpreted to mean the total benefits due, e. g., $185. The subdivision 21 limit for the Redland children would increase as follows:

| | | |
|---|---|---|
| 10/1/76 | $185.00 x 1.076 [1] | = $199.06 |
| 10/1/77 | 199.06 x 1.06 | = 211.00 |
| 10/1/78 | 211.00 x 1.06 | = 223.66 |
| 10/1/79 | 223.66 x 1.06 | = 237.08 |

Assuming that the social security benefits remained constant at $211.91, the Redland children should receive $11.75 per week in compensation benefits from 10/1/78 to 9/30/79 and $25.17 per week from 10/1/79 to date. This is the only method of calculation which accomplishes the anti-inflation purpose of section 176.645 and yet retains the weekly wage limitation intended in section 176.111, subdivision 21. Though it has the disadvantage of being more difficult to compute than method 2, we adopt this last method as the method to be applied.

The court of appeals is affirmed in all respects except as to the method of calculation of benefits, on which we reverse and remand.

Respondent Patricia Redland is allowed $400 in attorneys' fees.

---

1. By working backwards from calculations made in *Lemke*, we have concluded that the 10/1/76 percentage was 7.6%.