Helen J. PATTERSON, Widow of
Raymond C. Patterson, Deceased
Employee, Respondent,

v.

DVORAK CONSTRUCTION CO., et
al., Relators.

No. 49853.

Supreme Court of Minnesota.

Feb. 1, 1980.

Lommen, Cole & Stageberg and Mark N.
Stageberg, Minneapolis, for relators.

O'Neill, Goggins & Traxler and Robert J.
Goggins, New Prague, for respondent.

Heard before PETERSON, YETKA and
WAHL, JJ., and considered and decided by
the court en banc.

YETKA, Justice.

In this case, the employer and insurer
appeal the Workers' Compensation Court of
Appeals' determination that the widow of a
decedent is not entitled to any government
survivorship benefits, is not responsible for
the support of her stepchildren and there-
fore is entitled to the maximum workers'
compensation benefits under the Minnesota
act.

We affirm and remand only for recalcula-
tion of benefits if necessary due to the
provisions of Minn.Stat. § 176.645 (1978).

The issue raised in this appeal is: Where
a wage earner dies, leaving his spouse and
his two children from a previous marriage,
and there are two children of his surviving
spouse from a previous marriage not adopt-
ed by the decedent, but all four children are
residing in a single household with the sur-
viving spouse, how is the limitation in Minn.
Stat. § 176.111, subd. 21 (1978) to be calcu-
lated?

In this case, Raymond C. Patterson was killed on October 13, 1977, in an accident arising out of his employment with Dvorak Construction Co. Mr. Patterson was earning a weekly wage of $327.95. He was survived by Helen Joanne Patterson, his spouse, Russell John Patterson and LaDonna Mae Patterson, his children from a previous marriage, and Jeffrey Thomas Collins and Donna Jean Collins, Helen's children from a previous marriage. Neither parent adopted the other's children, but Helen Joanne Patterson was granted temporary custody of Russell J. Patterson and LaDonna M. Patterson and appointed to be the guardian of each child's estate by a Sibley County Court order of February 6, 1978.

This expanded family unit has been receiving $187.62 per week in social security benefits, of which $150.09 are children's benefits and $37.52 are mother's benefits. Under federal old-age survivor and disability insurance laws, all four children receive OASDI benefits. The compensation judge held that all $187.62 are survivor benefits for the children and that the widow is not entitled to any government survivor benefits for her own support or on her own behalf. The judge also found that from October 14, 1977, to February 5, 1978, the support of Russell J. Patterson and LaDonna M. Patterson was not the responsibility of Helen Joanne Patterson. The compensation judge allocated the workers' compensation benefits 65% to Helen Joanne Patterson, 2½% each to Jeffrey Thomas Collins and Donna Jean Collins, and 15% each to Russell John Patterson and LaDonna Mae Patterson. The limitation of section 176.111, subdivision 21, was then computed by the judge as follows:

| | |
|---|---|
| $327.95 | Gross weekly wage earned by deceased employee at date of his injury and death |
| 187.62 | Less weekly government survivor benefits received by the four (4) dependent children |
| $140.33 | Total weekly Workers' Compensation dependency benefits which can be |

paid said four (4) children under MS 176.111, Subd. 21.

| | |
|---|---|
| 197.00 | Maximum weekly dependency benefits under the Workers' Compensation Law for this case. |
| 128.05 | Less widow's portion thereof |
| $ 68.95 | Portion thereof for the four (4) dependent children. |

Since $140.33 is greater than the $68.95 being paid to the four (4) dependent children the employer and insurer are not entitled to any offset pursuant to MS 176.111, Subd. 21.

The claimants were thus allowed full workers' compensation benefits with adjustments pursuant to Minn.Stat. § 176.645 (1978). The Workers' Compensation Court of Appeals altered the allocation of benefits to 65% to Helen Joanne Patterson and 8.75% to each child, but otherwise affirmed the compensation judge. The employer and insurer then appealed.

The decision in this case is clearly dictated by our holding in *Redland v. Nelson's Quality Eggs, Inc.,* 291 N.W.2d 371 (Minn. 1980), issued simultaneously with this opinion. Since Helen Joanne Patterson receives no government survivor benefits, the limitation of section 176.111, subdivision 21, does not apply to her.[1] The limitation does apply to the four children, however, since they receive both OASDI and workers' compensation benefits. The weekly wage limit must be adjusted upward annually pursuant to the terms of section 176.645 and our holding in *Redland.* Accordingly, we affirm the court of appeals and remand only for the purpose of recalculating benefits if need be by reason of the adjustment of benefits provided by Minn.Stat. § 176.645 (1978).

Respondent Helen J. Patterson is allowed $400 in attorneys' fees.

1. In light of this holding, we need not reach the question of whether the court of appeals correctly determined that Helen Joanne Patterson was not responsible for the support of her stepchildren from October 14, 1977, to February 5, 1978.