Ben LINDELL, deceased, Relator,

v.

OAK PARK COOP. CREAMERY and Western National Mutual Insurance Company, Respondents,

and

Land O'Lakes, self-insured, Respondent,

Prudential Insurance Company of America, American Family Mutual Insurance Group, Intervenors.

No. C9–84–1768.

Supreme Court of Minnesota.

May 10, 1985.

Rehearing Denied June 27, 1985.

William M. Fishman, Minneapolis, for relator.

Larry J. Peterson, St. Paul, for Oak Park Coop. Creamery.

KELLEY, Justice.

Did the employer's workers' compensation insurer properly discontinue payment of dependency compensation for the benefit of the deceased employee's minor children following the remarriage of their mother, his surviving spouse, on June 11, 1983? Although the Workers' Compensation Court of Appeals (WCCA) affirmed the determination of the compensation judge that the discontinuance was authorized by Minn.

Stat. § 176.111, subd. 21 (1982), we have concluded that the children remained entitled to benefits pursuant to the construction we gave section 176.111, subds. 21 and 10, in *Meils, by Meils v. Northwestern Bell Telephone Co.*, 355 N.W.2d 710 (Minn. 1984).

The underlying facts are not in dispute. Ben Lindell, a milk hauler for the employer creamery, died on September 14, 1981, of injuries sustained in a work-connected accident. Marlys Lindell, his surviving spouse, established in a prior proceeding that she and two minor children were entitled to dependency benefits, at the then maximum rate of $244, of which the compensation judge allocated ⅔ to Mrs. Lindell and ⅓ to the children. Although the family was receiving $274.85 in social security benefits each week, these together with the maximum compensation of $244 were less than employee's weekly wage at the time of his death, so the compensation judge ordered payment of such compensation, to be adjusted subsequently pursuant to Minn.Stat. § 176.645 (1982). On the employer-insurer's appeal, the WCCA affirmed although determining that employee's average weekly wage had been $628.88 rather than $623.81. No party sought review of that decision.

On June 11, 1983, Mrs. Lindell married Glenn Gadacz. Pursuant to Minn.Stat. § 176.111, subd. 8(b) (1982), the insurer paid her, for her own benefit, a lump sum representing 104 weeks of dependency compensation at a rate of $162.67 (⅔ of $244).[1] The insurer then discontinued payment of further benefits, taking the position that they were not liable for dependency compensation for the children because the social security benefits they received, $274.85 a week, exceeded their allocated share (⅓) of the deceased employee's weekly wage, as adjusted, on June 11, 1983.

After a hearing on Mrs. Gadacz' objection to discontinuance of the benefits for the children, the compensation judge determined that the insurer's discontinuance had been proper. He refused to assign the social security benefits received for the children equally to all of the family members, *i.e.*, one-third to Mrs. Gadacz and one-third to each child, and refused also to make a new allocation of dependency benefits, sought by Mrs. Gadacz on the ground that with her remarriage her dependency had lessened but that of the children was likely to become greater. However, he allocated one third of $706.61, the employee's weekly wage at the time of his injury, as adjusted by the time of the remarriage, to the children and determined that no benefits were due them because that amount, $235.54, was exceeded by the weekly government survivor benefits, $274.85, to which they were entitled.

Upon Mrs. Gadacz' appeal, the WCCA affirmed the determination, agreeing that Minn.Stat. § 176.111 (1982) did not permit a new allocation of dependency benefits to be made following the remarriage of a surviving dependent spouse and also that the employee's average weekly wage, as adjusted on the date of remarriage, had properly been allocated one-third to the children for coordination of their dependency benefits with their government survivor benefits pursuant to section 176.111, subd. 21. Mrs. Gadacz sought review here, again urging that a new allocation of dependency benefits should have been made following her remarriage and asserting that if section 176.111, subds. 21 and 10, are construed to terminate the employer's obligation to pay the children dependency benefits, the children are deprived of due pro-

---

1. Minn.Stat. § 176.111, subd. 8(b) (1982) provides:

> (b) A surviving spouse who remarries shall receive compensation, for the benefit of the children, allocated according to subdivision 10, until the youngest dependent child is no longer dependent as defined in subdivision 1 and, for the benefit of the surviving spouse, a lump sum settlement equal to two full years of weekly benefits in an amount which equals the difference between the benefit otherwise payable pursuant to clause (a) and the amount payable to the dependent children allocated according to subdivision 10, computed without regard to section 176.645.

cess because they had no say in the allocation of benefits made in the prior proceeding.

◼ We agree with the WCCA that section 176.111 does not permit a new allocation of benefits following the remarriage of a dependent surviving spouse. The provision for the initial allocation is set forth in section 176.111, subd. 10, which provides:

> Subd. 10. *In all cases where compensation is payable to the surviving spouse for the benefit of the surviving spouse and dependent children,* the commissioner, compensation judge, or workers' compensation court of appeals or district court in cases upon appeal *shall determine what portion of the compensation applies for the benefit of dependent children* and may order that portion paid to a guardian. This subdivision shall not be construed to increase the combined total of weekly government survivor benefits and workers' compensation beyond the limitation established in subdivision 21.

(Emphasis added). This subdivision contains no provision that dependency compensation be reallocated following the marriage of a surviving dependent spouse. It is clear from section 176.111, subd. 8(b), set forth in footnote 1 *supra,* that the spouse's remarriage is not intended to deny the dependent children benefits if they are entitled to them under section 176.111, subds. 10 and 21. At the same time, there is no provision for a reallocation to insure their continued eligibility for dependency benefits if the limitation set forth in section 176.111, subd. 21, permits the insurer to discontinue payment of compensation. Nor do we agree that the children had a constitutional right to receive dependency compensation. The constitutionality of benefit coordination provisions meant to eliminate duplication of wageloss benefits is well established. *See* 4 A. Larson, *The Law of Workmen's Compensation,* § 97.35(b) (1984). *See, also, Estate of Baker,* 222 Kan. 127, 563 P.2d 431 (1977), holding that the expectation of workers' compensation benefits is not equivalent to a vested property right which cannot be taken away without prior notice and hearing.

◼ However, the compensation judge and the WCCA misinterpreted Minn.Stat. § 176.111, subd. 21 (1982) in allocating one-third of the deceased employee's weekly wage at the time of injury, as adjusted on the date of remarriage. Such an allocation had been directed by this court in construing Minn.Stat. § 176.111, subd. 21 (1980), which provided:

> Subd. 21. The following provision shall apply to any dependent entitled to receive weekly compensation benefits under this section as the result of the death of an employee, and who is also receiving or entitled to receive benefits under any government survivor program:
>
> The combined total of weekly government survivor benefits and workers' compensation death benefits provided under this section shall not exceed 100 percent of the weekly wage being earned by the deceased employee at the time of the injury causing his death; provided, however, that no state workers' compensation death benefit shall be paid for any week in which the survivor benefits paid under the federal program, by themselves, exceed 100 percent of such weekly wage provided, however, the workers' compensation benefits payable to a dependent surviving spouse shall not be reduced on account of any governmental survivor benefits payable to decedent's children if the support of the children is not the responsibility of the dependent surviving spouse.

In *Dependents of Lemke,* 291 N.W.2d 378 (Minn.1980) and in *Saukkola v. Airtex Industries,* 313 N.W.2d 921 (Minn.1981), the court interpreted the statute to require the following benefit calculation:

> [F]ind the proportion of the adjusted weekly wage allocated to each group [dependent surviving spouse and dependent children] and subtract the government survivor benefits paid to find the upper limit on workers' compensation benefits.

*Lemke,* 291 N.W.2d at 382.

Effective July 1, 1981, the legislature amended section 176.111, subds. 10 and 21,

adding in subdivision 10 the sentence prohibiting construction of that provision "to increase the combined total of weekly government survivor benefits and workers' compensation beyond the limitation established in subdivision 21" and in subdivision 21 a final paragraph stating:

> *For the purposes of this subdivision "dependent" means dependent surviving spouse together with all dependent children and any other dependent.* For the purposes of this subdivision, mother's insurance benefits received pursuant to 42 U.S.C. § 402(g), are benefits under a government survivor program.

(Emphasis added). In *Meils, by Meils v. Northwestern Bell Telephone Co.,* 355 N.W.2d 710 (Minn.1984), we recognized that the amendment of section 176.111, subd. 21, overruled this court's holding in *Redland v. Nelson's Quality Eggs, Inc.,* 291 N.W.2d 371 (Minn.1980) that mother's insurance benefits were not government survivor benefits, and remanded for recomputation of the compensation award because it apparently had been erroneously based on a formula derived from that decision. We also recognized the interrelationship of the amendments of subdivisions 21 and 10, and held that they required the following computation:

> The limitation imposed by section 176.111, subd. 21, shall first be applied to the combined total of weekly government survivor benefits, including mother's insurance benefits and benefits for surviving dependent children, and workers' compensation benefits. The allocation provisions of section 176.111, subd. 10, shall *then* be applied to such workers' compensation benefits as are awarded after application of the limitation imposed by subdivision 21.

355 N.W.2d at 716. (Emphasis added.)

We adhere to this construction of Minn. Stat. § 176.111, subds. 21 and 10, as one complying with the directive of subdivision 21 that "[t]he combined total of weekly government survivor benefits and workers' compensation death benefits provided under this section shall not exceed 100 per-

cent of the weekly wage being earned by the deceased employee at the time of the injury causing his death" and also fulfilling the requirement of subdivision 10 that it not be construed "to increase the combined total of weekly government survivor benefits and workers' compensation beyond the limitation established in subdivision 21."

We remand for recomputation of dependency benefits in the manner described in *Meils.*

Relator is awarded attorney fees of $400.

Affirmed in part, reversed in part, and remanded.