**Gregory RICE, deceased, by Vikki RICE, Respondent,**

v.

**PENNY'S SUPERMARKETS AND TRAVELERS INSURANCE COMPANY, Relators.**

**No. C1–84–1957.**

Supreme Court of Minnesota.

May 10, 1985.

James S. Pikala, Minneapolis, for relators.

Robert M. Pearson, Roger, for respondent.

PETERSON, Justice.

The issue raised in this case is whether the Workers' Compensation Court of Appeals properly construed Minn.Stat. § 176.-111, subd. 21 (1980) in determining, contrary to the compensation judge's decision, that no offset of government survivor benefits against dependency compensation allocated to the deceased employee's minor children was required. We reverse.

The underlying facts are not in dispute. Employee suffered a fatal injury on May 21, 1981, arising out of and in the course of his employment as a supermarket manager. His surviving dependents were his wife Vikki Rice and their two minor children, whose rights to receive dependency benefits are determined by the law in effect on the date of employee's death, Minn. Stat. § 176.111 (1980). Subdivision 21 of this section provides:

> The following provision shall apply to *any dependent* entitled to receive weekly compensation benefits under this section as the result of the death of an employee, and who is also receiving or entitled to receive benefits under any government survivor program:
>
> The combined total of weekly government survivor benefits and workers' compensation death benefits provided under this section shall not exceed 100 percent of the weekly wage being earned by the deceased employee at the time of the injury causing his death; provided, however, that no state workers' compensation death benefit shall be paid for any week in which the survivor benefits paid under the federal program, by themselves, exceed 100 percent of such weekly wage provided, however, the workers' compensation benefits payable to a dependent surviving spouse shall not be reduced on account of any governmental survivor benefits payable to decedent's children if the support of the children is not the responsibility of the dependent surviving spouse.

(Emphasis added). This court considered that statutory provision in three decisions filed on February 1, 1980: *Redland v. Nel-*

*son's Quality Eggs, Inc.*, 291 N.W.2d 371 (Minn.1980); *Patterson v. Dvorak Construction Co.*, 291 N.W.2d 376 (Minn.1980); and *Dependents of Lemke v. Knudsen Trucking, Inc.*, 291 N.W.2d 378 (Minn. 1980). In *Redland* and *Patterson*, we held that "mother's insurance benefits" received by a dependent surviving spouse for the benefit of minor children did not constitute government survivor benefits as to her within the meaning of section 176.111, subd. 21, so the compensation benefits allocated to her were not subject to the offset allowed by subdivision 21. We also construed "any dependent" in *Redland:*

> Mrs. Redland argues that the phrase "any dependent" in section 176.111, subdivision 21, means that the weekly social security benefits for *each dependent* must be compared to the weekly wage of Mr. Redland. * * * *

> Upon reading the entirety of section 176.111, subdivision 21, however, it is clear that "any dependent" is intended to separate those dependents who fall into the combined benefit provisions from those who do not. If "any dependent" is receiving workers' compensation death benefits and government survivor benefits, that dependent is included.

291 N.W.2d at 374.

In the third of these decisions, *Lemke,* the employee's dependents included a surviving spouse who received a small amount of government survivor benefits from the Veterans Administration and two minor children who lived with their mother, the employee's former spouse, and received both VA and social security benefits. We held that the limitation set forth in subdivision 21 must be apportioned between the surviving spouse on the one hand and the children on the other. The dependency compensation had been allocated ⅔ to the surviving spouse and ⅓ to the children, and we determined that the government survivor benefit offset could not be applied in a manner which would reduce the widow's dependency benefits because of the social security benefits received by the children. After considering possible methods of cal-

culating the offset, we adopted the following formula:

> [T]o find the proportion of the adjusted weekly wage allocated to each group and subtract the government survivor benefits paid to find the upper limit on workers' compensation benefits.

291 N.W.2d at 382.

In a subsequent decision, *Saukkola v. Airtex Industries,* 313 N.W.2d 921 (Minn. 1981), we reaffirmed this method of calculation, but at the same time recognized that through inadvertence, our opinion in *Lemke* had contained a chart intended to illustrate the calculation of compensation due the Lemke children that deducted the weekly government survivor benefits they received from the deceased employee's total adjusted weekly wage. Accordingly, while adhering to the formula set forth in *Lemke,* we disavowed that chart. 313 N.W.2d at 926.

Our clarification in *Saukkola* gives rise to the present controversy. At the time of employee's death, his average weekly wage was $557.63. In reliance on the erroneous chart set forth in *Lemke,* the insurer began paying dependency benefits to employee's surviving spouse at the maximum rate of $244, later adjusting the payments upward pursuant to Minn.Stat. § 176.645 (1984). After reviewing the *Saukkola* decision, the insurer determined that it remained liable to pay Mrs. Rice ⅔ of the maximum dependency benefits then payable, based on the statutory adjustment of employee's weekly wage, but had no present liability to pay the remaining ⅓ to the children. Employee's surviving spouse then filed a petition for payment of the maximum dependency benefits. In response, the insurer denied further liability, alleged that it had overpaid dependency compensation, and sought a credit against future payments.

Following a hearing the compensation judge made undisputed findings that the dependents had received specified amounts of social security benefits and that ⅓ of such benefits had been mother's benefits which under *Redland* were not subject to

offset under section 176.111, subd. 21. He found also that the parties had agreed upon a wage allocation of ⅔ to the surviving spouse and ⅓ to the dependent children; that any overpayment had been received by the dependents in good faith; and that the insurer is entitled to a total credit of 20% of the overpayment of compensation to the surviving spouse, that credit not to exceed 10% of any particular week of dependency benefits. He found also, contrary to the position of the dependents, that there was no binding settlement agreement that would preclude a reduction of benefits in accordance with *Saukkola*. He then applied the formula reaffirmed in that case as follows (Finding 11):

Compensation Due to Spouse:

| DATES | ADJUSTED WEEKLY WAGE | ⅔ THEREOF | GOVT. SURVIVOR BENEFITS | LIMIT ON COMP. | AVAILABLE COMP. | COMP. DUE |
|---|---|---|---|---|---|---|
| 5/21/81 – 9/30/81 (19 wks) | 557.67 | 371.75 | -0- | 371.75 | 162.67 | 162.67 |
| 10/1/81 – 5/20/82 (33.2 wks) | 591.09 | 394.06 | -0- | 394.06 | 179.00 | 178.00 |
| 5/21/82 – 5/20/83 (52.2 wks) | 626.56 | 417.71 | -0- | 417.71 | 178.00 | 178.00 |
| 5/21/83 – hearing (20 wks) | 664.15 | 442.77 | -0- | 442.77 | 193.33 | 193.33 |

Compensation to Children:

| DATES | ADJUSTED WEEKLY WAGE | ⅓ THEREOF | GOVT. SURVIVOR BENEFITS | LIMIT ON COMP. | AVAILABLE COMP. | COMP. DUE |
|---|---|---|---|---|---|---|
| 5/21/81 – 5/31/81 | 557.63 | 185.88 | 237.46 | Surpassed | 81.33 | -0- |
| 6/1/81 – 9/30/81 | 557.63 | 185.63 | 264.05 | " | 81.33 | -0- |
| 10/1/81 – 5/20/82 | 591.09 | 197.03 | 264.05 | " | 89.00 | -0- |
| 5/21/82 – 5/31/82 | 626.56 | 208.85 | 264.05 | " | 89.00 | -0- |
| 6/1/83 – 5/20/83 | 526.56 | 208.85 | 291.46 | " | 89.00 | -0- |
| 5/21/83 – date of hearing | 664.15 | 221.38 | 291.46 | " | 96.68 | -0- |

Both parties appealed to the WCCA from this decision. Although one member of the WCCA agreed that the compensation judge's calculation had been required under Minn.Stat. § 176.111, subd. 21 (1980), the majority rejected that calculation, arguing that it need not be made because the employee's unallocated adjusted weekly wage after deduction of the government survivor benefits remained in excess of the maximum compensation available. Accordingly, the WCCA substituted the following calculation:

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Dates | Adjusted Weekly Wage | Gov't. Surv. Benefits | Adjusted Weekly Less Gov't. | Maximum Comp. Avail. | Comp. Due Spouse | Comp. Due Children |
| 5–21–81 5–31–81 | $557.63 | $237.46 | $320.17 | $244.00 | $162.67 | $81.33 |
| 6–01–81 9–30–81 | $557.63 | $264.05 | $293.58 | $244.00 | $162.67 | $81.33 |
| 10–1–81 5–20–82 | $591.09 | $264.05 | $327.04 | $260.00 | $173.34 | $86.66 |
| 5–21–82 5–31–83 | $626.56 | $264.05 | $362.51 | $260.00 | $173.34 | $86.66 |
| 6–01–83 5–20–83 | $526.56 | $291.46 | $235.10 | $260.00 | $173.34 | $86.66 |
| 5–21–83 Hearing [Before the WCCA] | $664.15 | $291.46 | $372.69 | $290.00 | $193.33 | $96.66 |

The difference between the calculations of the compensation judge and the WCCA results from the latter's use of the employee's total adjusted weekly wage. We agree with the dissenting member of the WCCA panel that the statute as construed in *Lemke* and *Saukkola* required determination of the offset to be applied against compensation otherwise due those dependents who were receiving government survivor benefits by deducting such benefits from the portion of the employee's average weekly wage, as adjusted, allocated to them. Obviously, if the statute requires application of that formula in any case, it does in all.[1] Therefore, we reverse and remand for reinstatement of the compensation judge's decision, but without prejudice to the employer-insurer's appeal to the WCCA on issues which that court's decision did not resolve.

Reversed and remanded for reinstatement of the compensation judge's decision.

1. A different result is required by Minn.Stat. § 176.111, subd. 21, as amended effective July 1, 1981. *See Lindell v. Oak Park Coop. Creamery*, 369 N.W.2d 505 (Minn.1985), filed herewith. The majority of the WCCA quoted the amendment in their opinion in the present case, but it is not applicable since it became effective after the employee's death. *Meils v. Northwestern Bell Telephone Co.*, 355 N.W.2d 710 (Minn. 1984).