Caroline BREZINKA, as surviving
spouse of Richard Brezinka,
deceased employee, Respondent,

v.

BYSTROM BROTHERS, INC., and U.S.
Fidelity & Guaranty Company,
Relators.

No. C9–86–1905.

Supreme Court of Minnesota.

April 24, 1987.

Michael Ferde, Steven Gilmore, Minneapolis, for relators.

Thomas D. Mottaz, Thomas A. Klint, Anoka, for respondent.

SIMONETT, Justice.

We hold the law of the case as determined by the Workers' Compensation Court of Appeals (WCCA) yields to the legal rule subsequently announced by this court. We reverse the WCCA and reinstate the compensation judge's decision.

The dependents of deceased employee Richard Brezinka brought this proceeding for benefits against the employer, Bystrom Brothers, Inc., and its insurer following Brezinka's death on May 29, 1980. The key issue was the manner of calculating dependency benefits. The compensation judge decided, for the purpose of the calculations, that the employee's weekly wage was to be apportioned between the surviving spouse and the dependent children, a decision that favored the employer and insurer. On January 28, 1985, the WCCA (3 to 2) reversed, ruling that there should be no apportionment.[1] The WCCA set aside the findings of the compensation judge and remanded to the Office of Administrative Hearings "to enter Findings and Order consistent with the opinion of the Workers' Compensation Court of Appeals herein and to determine the reserved issue of attorney's fees upon submission of evidence thereon." The employer and insurer appealed the decision to us, but, when no relators' brief was filed, in March 1985, we discharged the writ of certiorari.

On May 10, 1985, this court decided *Rice v. Penny's Supermarkets,* 369 N.W.2d 508 (Minn.1985), which ruled on the precise le-

---

1. Minn.Stat. § 176.111, subd. 21 (1980), says the combined total of weekly government survivor benefits and workers' compensation death benefits shall not exceed the weekly wage of the employee. The compensation judge allocated 60% of the dependency compensation to the surviving spouse and 40% to the dependent children, which, under the facts of the case, resulted in more of an offset of government survivor benefits and less dependency compensation. The WCCA, on the other hand, treated the dependents as one family unit. This treatment meant the combined benefits did not exceed the employee's weekly wage, and the WCCA ruled there was no need for any allocation or apportionment. *See Rice v. Penny's Supermarkets,* 369 N.W.2d 508 (Minn.1985), for a full discussion of the legal problem involved.

gal issue involved in the Brezinka proceeding. *Rice* held that in calculating the offset of government survivor benefits against dependency compensation under Minn.Stat. § 176.111, subd. 21 (1980), the deceased worker's wage must be allocated between the surviving spouse and the dependent children; and, after such allocation, the government survivor benefits and the apportioned compensation rate cannot exceed the apportioned wage. This ruling was contrary to the opinion of the WCCA filed January 28, 1985, in the Brezinka proceeding.

Having received the remanded Brezinka file, the compensation judge had to decide whether to follow the WCCA mandate or the supreme court's holding in *Rice.* He elected to follow *Rice* and again ruled that allocation was required. Again the employee's dependents appealed. Again the WCCA (3 to 2) reversed, ruling that the compensation judge erred in not following its mandate. The employer and insurer, by certiorari, now seek review of that decision here.

The question, then, is what "finality" is to be accorded the WCCA's original mandate?

1. The WCCA reasoned that its January 1985 decision became final when the employer and insurer's appeal therefrom was dismissed for want of prosecution. Ordinarily, when an appeal is abandoned, the decision becomes final. *Cf. Holen v. Minneapolis-St. Paul Metropolitan Airports Comm'n,* 250 Minn. 130, 136, 84 N.W.2d 282, 287 (1957). Here, however, the proceeding remained pending, awaiting further action by the trial court on remand. Or, to put it another way, when the writ of certiorari was discharged, the WCCA's ruling on calculation of dependency benefits became the law of the case to be followed by the compensation judge in the proceeding which had yet to be concluded. *Cf. Peterson v. Johnson Nut Co.,* 209 Minn. 470, 297 N.W. 178 (1941).

 The doctrine of law of the case is distinct from the doctrines of res judicata and stare decisis, even though similar underlying policy considerations are involved. Law of the case applies most commonly to situations where an appellate court has passed on a legal question and remanded to the court below for further proceedings. The legal question thus determined by the appellate court will not be re-examined on a second appeal of the same case. *See Lange v. Nelson-Ryan Flight Service, Inc.,* 263 Minn. 152, 155–56, 116 N.W.2d 266, 269 (1962).

 2. We have held, however, that the doctrine of law of the case should not apply where, in the interval between two appeals of a case, there has been a change in the law by legislative action or by a judicial ruling entitled to deference. *Sands v. American Railway Express Co.,* 159 Minn. 25, 198 N.W. 402 (1924); *Goneau v. Minneapolis, St. P. & S. Ste. M. Ry.,* 159 Minn. 41, 198 N.W. 403 (1924). In *Sands,* the plaintiff sued the railway company for loss of goods and recovered for their actual value. On appeal, we affirmed the order denying defendant's motion for a new trial. When judgment was entered on remittitur, however, the defendant appealed again, this time from the judgment, claiming that the United States Supreme Court had, in the interim, construed the federal legislation to limit recovery for loss of goods to the declaration of value stated on the receipt. This court, noting that law of the case is a rule of practice, not of substantive law, reversed itself, because we felt we should follow federal law as construed by the highest federal court.

The situation here is analogous. This court is the final authority on legal questions arising under our state's Workers' Compensation Act. Here, before finality had been achieved in the Brezinka case, our court in a different case ruled on the controlling principle of law. Consequently, the compensation judge did not err in following our *Rice* ruling even though by so doing he disregarded the law of the case as determined by the WCCA.

Reversed; decision of the compensation judge reinstated.